(No. 5364. Decided July 24, 1905.)

## D. H. GLASS, *Appellant, v.* W. H. BUTTNER *et al., Respondents.*[1]

HUABAND AND WIFE—ACTIONS AGAINST—COMMUNITY PROPERTY—REPLEVIN—DEFAULT OF HUSBAND—EFFECT ON DEFENSE BY WIFE. In replevin brought against a husband and wife, who defend jointly, claiming the property as community personalty, a default judgment against the husband for failure to answer interrogatories, is not binding on the wife, since under Bal. Code, § 4827, she is entitled to defend in her own right upon the issues raised by her answer; and a judgment of dismissal on plaintiff's failure to prove title, is proper.

SAME—WITNESSES—COMPETENCY ON VALUATIONS. In replevin a witness is shown to be competent on the subject of the value of the property when she stated that she knew the cost of the articles and their value.

Appeal from a judgment of the superior court for King county, Hatch, J., entered December 1, 1903, dismissing an action of replevin, upon denying plaintiff's motion for judgment on the record and election to stand thereon. Affirmed.

*L. H. Wheeler* and *T. O. Abbott,* for appellant.
*Crary & Ogden* and *Joseph M. Glasgow,* for respondents.

1Reported in 81 Pac. 699.

Mount, C. J.—Appellant brought this action in the lower court to recover certain household goods, alleged to be his property, and wrongfully withheld. When the action was begun, a writ of replevin was issued on the allegations of the complaint, and the sheriff took into his possession a certain portion of the property. Thereafter the respondents, being husband and wife, jointly answered the complaint, and denied all the allegations thereof, and alleged that they were the owners of the goods. Subsequently the appellant propounded certain interrogatories to be answered by each of the respondents. W. H. Buttner failed to answer the interrogatories, by reason of the fact that he was absent from the state. Mrs. Buttner answered the interrogatories propounded to her, which interrogatories were substantially the same as the ones propounded to her husband. The appellant, upon the failure of W. H. Buttner to answer the interrogatories, moved for a judgment against him for failure to answer within the time allowed by law. This motion was granted, and a judgment entered against the said W. H. Buttner for the possession of the goods.

Thereafter the case came on for trial upon the issues made by the complaint and the answer of Mrs. Buttner. The appellant objected to any other proceedings in the case, upon the ground that the judgment rendered against the husband disposed of the questions in litigation, and moved the court to dismiss the action as to Mrs. Buttner. The court overruled the objection and denied the motion, upon the ground that the order and judgment entered against the husband, who was a codefendant, was an interlocutory order and not final. Appellant thereupon announced that he would stand upon his motion, and the court ordered judgment in favor of the respondent Mrs. Buttner, for the return of the goods or their value. Subsequently, upon a hearing as to the value of the goods, the court entered a judgment in favor of the respondent Mrs. Buttner, for $470, which was found to be the value of the goods taken by the appellant.

Plaintiff appeals, and contends that the judgment entered against W. H. Buttner was conclusive of the case, because it was admitted that the property was community property, and therefore Mrs. Buttner was not a necessary party.

It is true that Bal. Code, § 4490, gives the husband the management and control of the community personal property, with a like power of disposition as he has of his separate personal property. But the appellant was not content to sue the husband alone for the possession of the property. He joined both the husband and wife, and alleged that both wrongfully withheld the possession thereof from the plaintiff. The defendants answered jointly, and denied that the property belonged to the plaintiff, and denied that he was entitled to the possession thereof. The answer of the husband was stricken because he failed to answer certain interrogatories within time. He was defaulted and judgment taken against him. But the answer of the wife still stood, denying the allegations of the complaint, and the case was completely at issue as to her. If her answer was true, she had a community interest in the property and none of it belonged to the plaintiff and he had no right to its possession. The statute provides, at Bal. Code, § 4827, that,

"If a husband and wife be sued together, the wife may defend for her own right, and if the husband neglect to defend, she may defend for his right also. And she may defend in all cases .in which she is interested, whether she is sued with her husband or not."

We have no doubt that, under this last clause, the wife was authorized to defend in this case, and being so authorized, it became necessary for the plaintiff to prove his ownership of the property and that it was wrongfully withheld from him. Having stood upon his motion to dismiss and failing to make proof of his complaint, the court properly directed judgment against him. The judgment against the husband was no more than a default judgment, and was not final under the circumstances.

It is next contended that, upon the trial on the question of the value of the property, the only witness called showed that she was not competent to testify as to the values. We find, however that the witness stated that she knew the cost of the articles, and that she knew the value. Under these circumstances, she was certainly a competent witness.

There is no error in the record, and the judgment is affirmed.

RUDKIN, HADLEY, CROW, and ROOT, JJ., concur.

FULLERTON, J., took no part.