[No. 14299.   Department Two.   March 2, 1918.]

SADIE GRIGGS, *Respondent*, v. JAMES A. WAYNE,
*Appellant*.[1]

EVIDENCE—EXPERTS—HYPOTHETICAL QUESTIONS—EVIDENCE OF ONE
PARTY ONLY.  It is discretionary to allow hypothetical questions to
qualified experts based upon any assumption of the facts which the
testimony tends to prove according to the theory of the examining
counsel; and meagerness of testimony is not ground for rejecting
testimony of lawyers of experience upon a theory not in line with
that of the adversary's case.

SAME — EXPERTS — CROSS-EXAMINATION — DISCRETION.  The trial
court has a large discretion in allowing cross-examination of wit-
nesses called to give expert opinion.

EVIDENCE—COMPETENCY.  Upon an issue as to the reasonableness
of attorney's fees rendered in an estate, a copy of the adminis-
trator's final account is competent to prove the amount of the estate.

ATTORNEY AND CLIENT — COMPENSATION — ACTION TO RECOVER—IS-
SUE.  In an action to recover part of an attorney's fee withheld by
him, in which the issue was the reasonableness of the fee, there is
no question of damages, and the verdict is not subject to the objec-
tion that the "damages are excessive."

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered February 24, 1917,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for money received.  Affirmed.

*James A. Wayne* and *Post, Russell, Carey & Higgins*,
for appellant.

*John L. Dirks* and *J. M. Simpson*, for respondent.

CHADWICK, J.—Appellant was employed by respond-
ent to procure her inheritable interest in the estate of
her husband, then being administered in the courts of
Idaho.  Out of the whole sum collected, appellant re-
tained one thousand dollars for his services.  Respond-
ent brought this action to recover eight hundred and

[1]Reported in 171 Pac. 230.

fifty dollars, admitting one hundred and fifty dollars to be a reasonable charge for the work appellant had done. The case went to a jury, which returned a verdict for seven hundred and fifty dollars. The general issue was the reasonableness of the fee, and the verdict is final unless the court committed error in the course of the trial.

The first assignment is that the court permitted certain witnesses to testify answering hypothetical questions which failed to embody all of the facts relating to the subject upon which their opinions were asked, and without a showing of sufficient experience or knowledge of the law, the practice, and the usual charges for such services as were rendered by appellant in the state of Idaho.

The rule as formulated in 8 Ency. of Pleading & Practice, 756, is quoted:

"The hypothetical question should, however, embody substantially all of the facts relating to the subject upon which the opinion of the witness is asked, since the opinion of the witness is worthless and may be misleading if given on a state of facts which does not exist. A discrepancy between the facts proven, or admitted, and the facts upon which the opinion is given, may be very material."

This rule does not prevail in all its strictness in this state. Our courts are forbidden to comment upon the evidence or its sufficiency, if competent and relevant. In deference to this limitation upon our powers, no doubt, and for other equally sound reasons, we have declared a more liberal rule. It is noted following the text just quoted:

"A hypothetical question may be based upon any assumption of facts which the testimony tends to prove, according to the theory of the examining counsel." 8 Ency. Plead. & Prac., 757.

Of course, we do not want to be understood as holding that the court is bound to hear, or submit to the jury, the testimony of one who has no qualifications whatever, or who does not show a sufficient knowledge of the subject-matter to warrant his drawing a conclusion. *Pierson v. Northern Pac. R. Co.*, 52 Wash. 595, 100 Pac. 999. Nor do we want to be understood as holding that the trial judge had no discretion in such matters. But where, as in this case, the witnesses offered as experts were lawyers of some years' experience in the general practice of the law, they are competent to express an opinion based upon the testimony of the party proposing them, although such testimony may be meager and not at all in line with the theory of the adversary's case.

The witness being competent, the weight to be given his opinion, in the light of all the evidence, is for the jury. A careful reading of the record fails to convince us that the questions complained of were not based on the testimony of respondent's witnesses and the theory of her case. *Hanstad v. Canadian Pac. R. Co.*, 44 Wash. 505, 87 Pac. 832. Meagerness of testimony is not a ground for rejecting expert opinion. *State v. Peacock*, 58 Wash. 41, 107 Pac. 1022, 27 L. R. A. (N. S.) 702.

Appellant was free to, and no doubt did, bring to the attention of the jury by cross-examination the experience of the witnesses, their knowledge or lack of knowledge, of the practice in the state of Idaho, the facts upon which they based their testimony as to a reasonable charge, and the facts upon which appellant was resisting the claim. The trial judge has a large discretion in allowing cross-examination of witnesses called to give expert opinion. *Seattle & M. R. Co. v. Roeder*, 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864.

Summed up, the objections of counsel go to the weight of the testimony rather than its competency. This affords no legal ground for interference with the verdict. *In re Mercer Street, Seattle,* 55 Wash. 116, 104 Pac. 133.

It is next contended that the court erred in admitting a copy of the final account of the administrator in the matter of the estate of respondent's husband. While the admission of this document was perhaps immaterial, or at least unnecessary, it was not prejudicial. It was competent, at least, to prove the amount of the estate.

Appellant finally urges that the case should be reversed because "the damages are excessive." There is no question in this case of damages. The sole question is the reasonableness of the charge; and whether the verdict be great or small, if there is testimony to sustain it, it concludes the controversy.

Affirmed.

MOUNT, MORRIS, and HOLCOMB, JJ., concur.