[No. 23886.   Department Two.   January 6, 1933.]

CLAUDE L. WILSON *et al.*, *Respondents*, v. PACIFIC
POWER & LIGHT COMPANY, *Appellant.*[1]

*John A. Laing* and *Rigg, Brown & Halverson,* for
appellant.

*McAulay & Freece,* for respondents.

[1] Reported in 17 P. (2d) 846.

STEINERT, J.—This is an action to recover damages to plaintiffs' land resulting from the alleged seepage of water from defendant's power canal. A trial before the court, sitting with a jury, resulted in a verdict for plaintiffs, and from a judgment thereon defendant appeals.

Respondents are the owners of a fifteen-acre ranch in Yakima county, devoted largely to orchard. Appellant owns and operates a power canal, which passes along, and just to the north of, respondents' ranch. The canal has a concrete lining, which, at times during the winter, becomes cracked and broken in places. During the season of 1928, excessive water appeared upon a portion of respondents' ranch. They concluded that it was the result of leakage from the canal. Upon complaint being made to appellant, steps were taken to remedy the situation, with seemingly good results.

No further trouble occurred until 1930, but from June to September of that year water again appeared, and to such an extent that many of the trees in respondents' orchard began to fall over, and farming operations were otherwise hampered. There was evidence to the effect that, when the canal was full of water, the seepage was worse than at other times, and that, when the water receded, the canal would disclose a heavy sediment of silt and mud; there was also evidence to the effect that, when the water in the canal extended above the cracks and broken places, seepage would regularly follow and appear upon the land of respondents.

In July, 1930, while the water was high in the canal, and after respondents had made a complaint of seepage, appellant dug some test holes below the canal, between it and respondents' land. Some of these holes afterward showed water standing to a height of ten inches. Respondents procured some potassium per-

manganate, which has a distinctive color, and put it in one of the test holes containing water; later, they found traces of this metallic salt in the soil of their land. Being convinced that the water seeping into their orchard had its source in the canal, respondents brought this action for damages.

There was considerable evidence by appellant to the effect that the excess water upon respondents' land had its origin outside of the canal and from sources over which appellant had no control. That, of course, presented an issue of fact for the jury, which their verdict determined.

■ Appellant assigns a series of errors, all of which, save one, go to the admission or rejection of evidence. Appellant complains because two neighboring ranchers were permitted to testify as to values of land, without showing knowledge of any sales or prices paid for any ranches in that community. The witnesses, who themselves were ranchers, did testify, however, that they were thoroughly familiar with respondents' land, and knew its value. One of them, witness Bailey, gave evidence meeting appellant's objection, by testifying that he had gained his familiarity with values from sales in that particular district. These witnesses were competent to testify, under the rule laid down in our decisions. *Glass v. Buttner*, 39 Wash. 296, 81 Pac. 699; *Sedro Woolley v. Willard*, 71 Wash. 646, 129 Pac. 372.

■ The next assignment of error is based on the court's permitting a witness, E. Y. Robinson, to give his opinion, in answer to a hypothetical question, as to the probable source of the water. The witness was a civil engineer of sixteen years' experience, was one of the engineers who originally laid out the canal in question, was familiar with its construction and conversant with ground formations in the Naches valley.

Appellant first objected to the witness testifying, on the ground that he had not shown his competency, but later withdrew that objection. The witness then testified that, in his opinion, the excess water came from the canal. Appellant objected to the question which elicited the answer, because it did not include the possibility of irrigation water from other lands being the source of the trouble.

At the time that the question was propounded, there was no evidence that irrigation water from other lands might be the cause. It was proper for respondents to frame the hypothetical question upon the theory of their case and under the evidence introduced by them. *Griggs v. Wayne,* 100 Wash. 459, 171 Pac. 230; *McEachran v. Rothschild & Co.,* 135 Wash. 260, 237 Pac. 711, 241 Pac. 969. Furthermore, appellant's counsel was privileged to, and did, upon cross-examination, bring to the attention of the witness the very element which it now claims was omitted from the original question, and received an unfavorable answer to his question. The assignment is not well taken.

Appellant's next assignment of error is upon the ground that one of the respondents was permitted to testify, in rebuttal, on a matter covered by his testimony in chief. A check of the record satisfies us that the rebuttal evidence was simply in denial of affirmative evidence introduced by appellant.

Appellant's final assignment of error is to the court's refusal to grant a new trial. The basis of the assignment is that the evidence was not sufficient to justify a verdict for respondents. It is said in the brief that the court, in denying the motion, stated that, had he been the trier of the fact, he would have reached a different conclusion, and therefore, counsel say, the court should have granted the motion. The memorandum opinion of the court, ruling on the motion for

new trial, discloses no such statement by the court. It is not an abuse of discretion to refuse a new trial for insufficiency of the evidence, where the testimony is in direct conflict and makes questions for the jury, and where there is no exception to, or error in, the instructions. *Fleming v. Buerkli,* 164 Wash. 136, 1 P. (2d.) 915. As we read the record, there was ample evidence to take the case to the jury. No question is raised upon the instructions given by the court.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and BEALS, JJ., concur.