[No. 29693.   Department One.   April 16, 1946.]

ALBERT E. GRAPP, *Appellant,* v. FRED PETERSON, *Respondent.*[1]

*McMicken, Rupp & Schweppe* and *Mary Ellen Krug,* for appellant.

*DuPuis & Ferguson,* for respondent.

[1] Reported in 168 P. (2d) 400.

MALLERY, J.—This is an action to recover for personal injuries and special damages arising out of an automobile accident. Trial before the court and a jury resulted in a verdict and judgment of dismissal. Plaintiff's motion for a new trial was denied. Plaintiff appeals.

Appellant, Albert E. Grapp, is a resident of Minneapolis, Minnesota. On July 26, 1942, he was visiting his brother, Roy Grapp, of Seattle. Early that morning, Albert, Roy, and a third brother, Edward, set out on a salmon fishing trip in a 1940 Dodge sedan, owned and operated by Roy. Bound for Mission Beach, they were traveling north on Rucker avenue in the city of Everett and were about to cross Pacific street, when their Dodge was struck in the rear by a Plymouth sedan driven by the respondent, who was traveling in the same direction. As a result of the collision, the car in which the appellant was riding finally came to a stop across and about one hundred feet beyond the intersection. The back of the front seat collapsed, as a result of which the driver and the appellant were left lying in the car in a horizontal position. All three of the brothers were rendered unconscious by the impact. The rear end of the Dodge was damaged, but they were able to drive the car back to Seattle.

The accident occurred at approximately five a. m., at which time it was still dark. It was established that the respondent had gotten but two hours sleep that night before leaving Seattle for his brother's farm at Arlington, where he intended to do some carpenter work. That the appellant was a mere guest in his brother's car, is not challenged, so the question of contributory negligence is not involved.

Rucker avenue is an arterial highway, running north and south. It is level for some distance on either side of the intersection. Pacific street runs east and west. East of Rucker it presents a rather sharp ascent. West of Rucker it is level. Suspended over the center of the intersection is a red and green automatic traffic signal. Because of the earliness of the hour on a Sunday morning, the signal was not yet in operation. At such times, motorists entering Rucker avenue from Pacific street would be required to obey

the arterial stop signs. Those traveling on Rucker avenue had the right of way and would not need to stop.

The evidence relating to the cause of the accident was in conflict. According to the appellant's account, as the driver of the Grapp car approached the Pacific street intersection from the south, at a speed of about twenty-five miles per hour, he saw the lights of another car coming down the Pacific street hill in a westerly direction. Fearing that this car would fail to obey the arterial stop sign, Roy Grapp, without any signal, stopped, or almost stopped, the Grapp car, in order to give the strange car a wide berth. It was at this instant that the car struck him. Not until the impact occurred were the Grapp brothers aware of the presence behind them of the Peterson car, although there was no evidence to the effect that his lights were not burning.

The essence of the defense was that the respondent did not see a car coming down the Pacific street hill. That even if there was such a car, he would not be bound to anticipate that the Grapp car would slow or stop for it, or that it would stop for any other reason without signaling such an intention, since both he and the Grapp car were traveling upon an arterial highway and were the favored drivers. According to the respondent, immediately prior to the accident he was traveling along at about twenty-five miles an hour, when the Grapp car passed him, drew up in front of him, and stopped for no apparent reason. He testified:

"A. Mr. Grapp passed me up a way. I don't remember exactly where, but very close-by, and swung in front of me and drove in front of me, and all of a sudden he just stopped, all of a sudden, and I done the best—to the best of my ability to stop myself. But that is how the accident really happened."

The jury was entitled to accept the respondent's explanation of the accident and apparently did, for it found that the respondent was not negligent.

Assigned as error by the appellant are: (1) the court's instruction No. 7; (2) the court's refusal to give certain of

the appellant's requested instructions; and (3) denial of appellant's motion for a new trial.

Instruction No. 7 is as follows:

"If you find from a preponderance of the evidence that the driver of the car in which the plaintiff was riding stopped his automobile immediately in front of the automobile of the defendant, without signaling his intention so to do, and further find that at the time the driver of the Grapp automobile was so close to the defendant's car that the defendant, in the exercise of reasonable care on his part, could not avoid a collision, then the defendant would not be negligent and the plaintiff cannot recover.

"In considering whether or not the defendant operated his car negligently, you are instructed that one who finds himself in a position of sudden peril through no fault of his own is not held to the same standard of judgment which should be applied to one who had time for deliberate action."

The appellant's position is that this is an ordinary "following car" case, and that the law in this state imposes upon the driver of the following car the burden of driving his car in such a manner and maintaining a sufficient distance between his own car and the vehicle ahead that he can avoid a collision, either by bringing his car safely to a stop or by passing around the forward car, in the event that the forward car is forced, for any reason, to come to a sudden stop. He accordingly assigns as error the court's instruction upon the ground that it places the responsibility of avoiding a collision upon the leading car, instead of upon the following car, where it rightfully belongs.

■ We agree with the appellant that the so-called "following car" doctrine is based upon reason and authority, and that it has been recognized and followed in many of our decisions. However, we are unable to say that it finds application in every instance of a collision between two vehicles proceeding upon the highway in the same direction. We think that the following language found in *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824, clearly shows that the doctrine is subject to certain limitations. After quoting as follows the doctrine from *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064,

" ' "A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic." ' "

the *Cronin* case, *supra,* goes on to say that:

"The principles relied upon should apply to any following vehicle, *with due regard to differing conditions and circumstances."* (Italics ours.)

█ Obviously there is a difference between a situation where a respondent driver, by his own choice, follows so closely behind another car upon the highway that he is unable to stop in time to avoid a collision with the leading car, and a situation where the leading car, by passing and cutting in front of the respondent, places the respondent unwittingly in a following car position. Thus, in the second situation, when the leading car stops suddenly, the respondent is placed in a position of sudden peril through no fault of his own.

In the first situation, the respondent clearly has the responsibility of avoiding the collision. In the second situation, in accordance with the established rule, the respondent ought not to be held to the same burden of avoiding a collision as one who has had time for deliberate action.

█ The court's instruction No. 7 properly applies to this latter situation. Had appellant desired that the jury decide which of the two factual situations discussed obtained in this case and, upon finding in his favor, apply the rule for which he contends, he should have submitted an instruction to so distinguish the facts as a basis for determining which rule of law applied. The instruction standing alone, with sufficient evidence to support it, was not error.

█ The appellant has assigned error upon the court's refusal to charge the jury with the following requested instruction:

"You are instructed that it is the duty of the driver of an automobile, such as the defendant was in this case, to use due care to avoid colliding with vehicles in front of him, and if you should find from the evidence that the defendant did not use due care to avoid such collision, and that such failure was the proximate cause of the collision, then I instruct you that your verdict should be for the plaintiff."

The court covered this matter in its instruction No. 3, which was substantially in the language of the statute, Rem. Rev. Stat., Vol. 7A, § 6360-81 [P.P.C. § 295-13]. The requested instruction was thus properly refused because its subject was otherwise covered. *Manos v. James*, 7 Wn. (2d) 695, 110 P. (2d) 887.

■ Error is also assigned upon the refusal of the court to charge the jury that:

"You are instructed that the driver of an automobile must keep such distance from and maintain such observation of the car ahead of him as to be able to stop safely if an emergency should require the car ahead of him to stop."

This instruction was based upon a hypothesis not supported by the evidence, viz: that there was an emergency confronting the driver of the leading automobile. It is not error to refuse an instruction upon a hypothetical situation not supported by evidence. *Lindsey v. Elkins*, 154 Wash. 588, 283 Pac. 447.

We are in accord with the appellant's contention that each litigant is entitled to have his theory of the facts submitted to the jury, provided such appropriate instructions are requested. The instructions given by the court, taken as a whole, correctly stated the law of the case.

■ Finally, it is argued that the verdict is not supported by the evidence, and that the respondent is guilty of negligence as a matter of law. The jury found that the respondent was not negligent, and we may not go behind that verdict, since the evidence of the respondent quoted herein is competent, when believed, to sustain it.

■ In the case of *Boyd v. Cole*, 189 Wash. 81, 63 P. (2d) 931, it was said:

"The motion for a new trial was addressed to the sound discretion of the trial court. It is not an abuse of discretion to refuse to grant a new trial where there is some support in the evidence for the verdict. *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; *Ohlson v. Sawbridge,* 156 Wash. 430, 287 Pac. 206; *Wilson v. Pacific Power & Light Co.,* 171 Wash. 232, 17 P. (2d) 846."

The order denying the motion for a new trial is sustained. The judgment is affirmed.

DRIVER, C. J., MILLARD, STEINERT, and SIMPSON, JJ., concur.