[No. 32667. Department One. March 25, 1954.]

ALBERT JOHNSON, *Appellant*, v. WALTER M. HARVEY *et al.*, *Respondents.*[1]

*Brodie, Brodie & Fristoe*, for appellant.

*Ralph R. Gilby*, for respondents.

[1] Reported in 268 P. (2d) 662.

OLSON, J.—Plaintiff has appealed from a judgment in his favor in an action to recover the value of certain personal services and the rental value of certain equipment. He does not ask for a new trial, but seeks an increase in the amount of his judgment.

The parties made an oral agreement that defendant would finance and plaintiff would manage and operate a beef cattle ranch. The net profits of the enterprise were to be divided equally between the parties. Plaintiff's employment was terminated after he had worked four months on the ranch. The parties then entered into a written arbitration agreement, by the terms of which the reasonable value of the services rendered by plaintiff and the rental to be paid for the use of his equipment, were to be determined by arbitrators. Each of the parties named one arbitrator, and these two were to select a third. When they were unable to agree upon their selection, arbitration became impossible and this action followed.

Plaintiff's principal assignment of error is directed to the refusal of the court to strike the testimony of a witness regarding the reasonable value of plaintiff's services. This witness operated a cattle ranch near and similar to the one planned by the parties, and was familiar with defendant's farm. On direct examination, he testified that he knew the wages paid for hired help in his community, and stated that the general rate was one hundred seventy-five to two hundred dollars a month. On cross-examination, it was developed that this figure was based upon what the witness was paying a man to operate his ranch, and plaintiff promptly moved to strike the testimony of the witness upon the ground that it was not responsive upon the issue of the general wage paid in the community.

The denial of the motion to strike this testimony was not erroneous. The trial court had ruled that the witness was competent to express an opinion upon the subject matter in issue. Whether or not he was so qualified is a matter largely within the discretion of the trial court, and we will not disturb its ruling unless it is manifest that its

discretion has been abused. *White v. Fenner,* 16 Wn. (2d) 226, 244, 133 P. (2d) 270 (1943), and cases cited. The matter developed by plaintiff's counsel on cross-examination went to the weight of the testimony of the witness and not to his competence. See *Birkel v. Chandler,* 26 Wash. 241, 246, 66 Pac. 406 (1901); *In re Bremerton,* 73 Wash. 565, 569, 132 Pac. 240 (1913); *Griggs v. Wayne,* 100 Wash. 459, 462, 171 Pac. 230 (1918); also, 3 Wigmore on Evidence (3d ed.) 46, § 715; 3 Jones, Commentaries on Evidence (2d ed.), 2499, § 1366. It affords us no legal ground upon which we can say that the trial court erred when it relied upon his testimony in deciding the ultimate fact of the reasonable value of plaintiff's services, even though it felt that the figures he gave were somewhat high in relation to the true value of those services. The evidence upon this issue was in conflict. The weight of the testimony and the credibility of any witness are for the trier of the facts to determine.

■ Our answer to this assignment of error dictates our conclusion upon this appeal. Assuming that it is an equitable action to enforce the arbitration agreement, as counsel contend, they are in error when they urge that we consider the case *de novo.* In several recent cases, the abandonment of this type of consideration on appeal has been made clear. *In re Boundy's Estate,* 40 Wn. (2d) 203, 206, 242 P. (2d) 165 (1952); *In re Mayer's Estate,* 43 Wn. (2d) 258, 264, 260 P. (2d) 888 (1953), and cases cited.

■ Our inquiry on review of findings of fact made upon conflicting evidence, is whether or not the evidence preponderates against those findings. *McDonald v. Wockner, ante* p. 261, 268, 267 P. (2d) 97 (1954), and cases cited. It does not in this case, and the assignments of error directed to the findings cannot be sustained.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.