[No. 641-1.   Division One—Panel 2.   November 22, 1971.]

ADILENE A. SVEHAUG, *Respondent*, v. DERRY J. DONOGHUE *et al., Appellants.*

818

*Reed, McClure, Moceri & Thonn, Roy J. Moceri,* and *William R. Hickman,* for appellants.

*Duce, Bernard & Woodward, Wesley K. Duce,* and *John D. Woodward,* for respondent.

*Anderson, Hunter, Carlson & Dewell* and *Julian C. Dewell,* for Anderson.

JAMES, J.—The single question presented here is whether the trial judge erred in refusing to give WPI 70.04, which was requested by defendants, Sno-King Garbage Company, Inc. and its driver, Donoghue:

> A statute provides that a driver shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the street or highway.
>
> Where one vehicle is following another vehicle, the primary duty of avoiding a collision rests upon the following driver. In the absence of an emergency or unusual condition, he is negligent if he runs into the car ahead. However, the following driver is not necessarily excused even in the event of an emergency, for it is his duty to keep such distance from the car ahead and maintain such observation of that car that he can make such emergency stop as may be required by reasonably foreseeable traffic conditions.

It is undisputed that Sno-King's truck was standing on the "main traveled part" of a highway when plaintiff Adilene A. Svehaug first observed it. The driver would normally have driven the truck into a private driveway, but because of ice and snow on the ground, he chose to stop on the shoulder of the highway. The highway at that point has two traffic lanes and is on a steep grade. In this position, the truck substantially blocked Svehaug's lane of travel, in violation of RCW 46.61.560.

Svehaug's first opportunity to observe the truck occurred when she reached the crest of the grade, approximately 385 feet from the truck. It is her testimony that because of icy ruts in the road, she was unable to either stop or turn her car so as to avoid colliding with Sno-King's truck.

The trial judge ruled that the factual pattern did not present a "following car" situation, and that the instruction was therefore inappropriate.

"[T]he so-called 'following car' doctrine is based upon reason and authority, and . . . it has been recognized and followed in many [Washington] decisions." *Grapp v. Peterson,* 25 Wn.2d 44, 47, 168 P.2d 400 (1946). A following driver is in the best position to avoid a collision with the vehicle he follows. It is therefore reasonable that he should be burdened with a presumption that "he is negligent if he runs into the car ahead."

A review of the cases which have produced the following car doctrine in Washington makes it clear, however, that its application is limited to those factual situations where one vehicle "follows" another.

A similar "res ipsa loquitur" rule has been applied in "situations where a moving motor vehicle collided with a stationary vehicle alongside a curb." *Hardman v. Younkers,* 15 Wn.2d 483, 491, 131 P.2d, 177, 151 A.L.R. 868 (1942).

On its face, the instruction is inapposite to the undisputed facts of this case. Svehaug was never "following" Sno-King's truck. Because Sno-King's truck was standing still, she could not have "due regard for the speed of the vehicles." She could not "keep such distance" from the truck and "maintain such observation" as to enable her to make an "emergency stop."

It was Sno-King's responsibility to propose a correct instruction. *Grapp v. Peterson, supra.* The trial judge properly rejected the following car instruction.

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.