[No. 11000–4–I.   Division One.   March 12, 1984.]

IMRE SZUPKAY, *Appellant,* v. LINDA COZZETTI,
ET AL, *Respondents.*

*Wines & Brewer* and *Kirk R. Wines,* for appellant.

*Lee, Smart, Cook & Martin, Inc., P.S., John Q. Powers, Helsell, Fetterman, Martin, Todd & Hokanson, Ralph Brindley,* and *Edward W. Bassett,* for respondents.

SODERLAND, J.*—Imre Szupkay appeals a judgment of dismissal entered after a jury found no negligence by the defendants Cozzetti and Gibson in this personal injury action. He alleges instructional error, error in rulings on matters of evidence and cross examination, and error in the denial of his motion for a directed verdict. Cozzetti alleges error in the dismissal of her counterclaim.

This suit had its genesis in an accident involving three automobiles. There is no dispute over the general fact pattern. The collisions occurred on November 22, 1977 between 5:30 and 6 p.m. It was after dark but the streets were well lighted. It had started to snow about 2 or 3 o'clock in the afternoon and there was considerable snow on the streets when the accident happened. Szupkay had stopped on S.W. 31st Street in the City of Bellevue near its intersection with 162nd Street because he observed children sledding on the steeper portion of the street ahead of him. He intended to wait for the children to clear the area and then proceed. His car was stopped on the traveled portion of the roadway, pulled a little bit to the side.

Southwest 31st Street curves and slopes downhill from 161st Street to 162nd Street. Due to the curve, a driver turning onto S.W. 31st Street from 161st Street cannot see the intersection of 162nd Street and could not see Szupkay's car stopped near that intersection. Cozzetti entered S.W. 31st Street from 161st Street and proceeded down the hill. Although she could not see Szupkay's car when she initially turned onto the street and started down the hill, she saw it in its stopped position when she was approximately 175 feet away. She had had no trouble controlling

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

her car before she turned onto S.W. 31st Street and no problem with skidding until she applied her brakes while going around the curve on S.W. 31st Street. Then she found that she could not steer or brake her car because of what she described as black ice. She hit the rear of Szupkay's vehicle.

Gibson also turned onto S.W. 31st Street. He could not see the other vehicles until he was partly down the hill. He could not steer around the vehicles because of people standing around. He was unable to stop because of the slippery street which he described as glazed snow. He had had no problem up to that point. He slid into the Cozzetti vehicle and pushed it once again into Szupkay's vehicle.

Szupkay sued both Cozzetti and Gibson. Cozzetti counterclaimed. The trial judge dismissed the counterclaim and denied Szupkay's motion for a directed verdict. Szupkay appeals from a defense verdict for both respondents.

## FOLLOWING CAR DOCTRINE

■ Szupkay assigns error to the court's refusal to give WPI 70.04, the following driver instruction which is based upon RCW 46.61.145. It is undisputed that appellant's car was in a stopped position when it was first seen by either of the respondents. Under those facts, the following driver instruction is not appropriate.

*Svehaug v. Donoghue,* 5 Wn. App. 817, 490 P.2d 1345 (1971) presents a fact pattern almost identical to this case. There a truck owned by the Sno–King Garbage Company, Inc., was stopped on the main traveled portion of the highway when the plaintiff Svehaug first saw it. Defendant's truck substantially blocked plaintiff's lane of travel. The highway was on a steep grade. Plaintiff first saw the truck as she reached the crest of the grade. Because of ice on the road, she was unable to stop or turn. The court held that an instruction on the following car doctrine was inappropriate and was properly refused. The court said:

> On its face, the instruction is inapposite to the undisputed facts of this case. Svehaug was never "following"

Sno–King's truck. Because Sno–King's truck was standing still, she could not have "due regard for the speed of the vehicles." She could not "keep such distance" from the truck and "maintain such observation" as to enable her to make an "emergency stop."

*Svehaug v. Donoghue, supra* at 819.

Szupkay cites *Billington v. Schaal,* 42 Wn.2d 878, 259 P.2d 634 (1953) for the proposition that the following car doctrine applies even though the leading car has come to a complete stop. That case, however, is a clear case of a following driver, with the leading car making an unexpected stop. The driver testified that he was "following about two car lengths behind" when the leading car stopped suddenly for a traffic signal and the following driver thought he was going on through the light. That case does not apply here where the defendants were never following Szupkay's car which was in a stopped position when they first saw it.

Szupkay argues that the duty to avoid striking a stopped vehicle is fully as great as the duty to avoid hitting a traveling vehicle. The general instructions given by the court on negligence, and on the duty of all drivers to exercise ordinary care, allowed appellant to argue his theory of the case. The fact that one vehicle is stopped and another vehicle is driven into it is a circumstance that can be urged upon the jury. Szupkay requested an instruction which was inapplicable to the undisputed facts. If he felt that some special instruction was needed relating to a stopped car, it was his responsibility to prepare a correct instruction which was consistent with the evidence. *Svehaug v. Donoghue, supra.*

### EMERGENCY INSTRUCTION

The trial court gave an emergency instruction, substantially in the language of WPI 12.02. Szupkay assigns error. He points to evidence from which the jury could have found that the negligence of Cozzetti and Gibson brought about the emergency and that both made deliberate choices and no emergency was involved.

There was no error. The instruction tells the jury

that a person must be suddenly confronted by an emergency through no negligence of his or her own in order for the instruction to apply. It is proper to leave that issue to the jury if the evidence is in conflict. While there is evidence to support appellant's contentions, there is substantial evidence of emergency which properly took that issue to the jury. There was testimony that respondents had experienced no difficulty starting or stopping before they turned onto S.W. 31st Street, that they suddenly found themselves unable to stop or steer, and that they were sliding downhill into a vehicle or pedestrians. Cozzetti did not apply her brakes immediately when she saw the stopped vehicle ahead. Gibson testified that he had a choice of running into the stopped cars or possibly running into pedestrians. Unexpected ice and loss of control under these circumstances is almost a classic case for instructing the jury on the emergency doctrine.

If there is a conflict in the evidence as to the applicability of the emergency doctrine, but there is substantial evidence to support it, it is error not to submit the theory to the jury. *Bell v. Wheeler,* 14 Wn. App. 4, 538 P.2d 857 (1975).

Szupkay proposed the following supplemental instruction to be read with the emergency instruction given by the court:

> However, in order to find that a defendant is not negligent because of a sudden emergency you must find that:
> a. That the peril confronted her suddenly and without warning;
> b. and that the sudden confrontation required an instinctive reaction without time to consider the alternatives.

Szupkay argues that the proposed supplemental language is necessary to prevent the jury from using the emergency instruction, WPI 12.02, to release a defendant who should be held liable. Szupkay further contends that WPI 12.02 is deficient because it does not tell the jury specifically that each element of the doctrine must be found to exist before liability can be excused. The trial court prop-

erly refused the requested instruction. WPI 12.02 adequately informs the jury. It correctly states the law, is not misleading, and permits counsel to argue his theory of the case. *State v. Mark,* 94 Wn.2d 520, 618 P.2d 73 (1980).

*Tobias v. Rainwater,* 71 Wn.2d 845, 431 P.2d 156 (1967) held that an instruction similar to WPI 12.02 was sufficient to adequately apprise the jury of the necessary element of the doctrine and did not require any supplemental instruction.

### EVIDENTIARY RULINGS

Szupkay's wife is a doctor who uses her maiden name professionally. At trial she testified concerning her husband's condition before and after the accident and what medications he took. She described the restrictions on his backpacking and horseback trips into the mountains, which were caused by this automobile accident which occurred on November 22, 1977. On cross examination she was asked over objection how his outdoor activities were affected by his hypertrophic arthritis of the lumbar spine (which was a condition different from the injuries claimed from this accident). She referred to a 1978 episode which did not continue to bother him. She was asked if he did not have continued problems from this condition until April 1981. She volunteered that she had written a letter to the Boeing Company, his employer, in this time period. The letter stated that Mr. Szupkay was under treatment on April 6, 1981 for hypertrophic osteoarthritis of the lumbar sacral spine and periodic sciatica which at times was aggravated by walking any distance. Her letter was admitted into evidence over objection: She testified that the letter was an exaggeration in order to get her husband a closer parking place at work.

Szupkay claims that the court erred in allowing cross examination of his wife as an expert when she testified as a lay person, in allowing cross examination on collateral matters, and in admitting into evidence a letter on a collateral matter.

These matters were not collateral. They related to Szup-

kay's physical condition and the injuries claimed from this accident. They related to subject matters covered by the witness in her direct testimony. They were admissible as impeachment of the witness as well as substantial evidence of the physical condition.

■ The cross examination and the admission of the letter into evidence were not error. The scope of cross examination is within the discretion of the trial court and will not be disturbed unless there is a manifest abuse of discretion. *State v. Young,* 89 Wn.2d 613, 574 P.2d 1171, *cert. denied,* 439 U.S. 870 (1978).

### REQUESTED INSTRUCTIONS

Szupkay assigns error to the refusal to give the following requested instruction:

> Under conditions of ice and snow, motorist [*sic*] are charged with the duty to take care and caution in the operation of their vehicles proportionate to the known and obvious dangerous condition of the highway.

■ Szupkay did not object to the refusal to give that proposed instruction as required by CR 51(f). Accordingly, the alleged error will not be considered on appeal. *Spinelli v. Economy Stations, Inc.,* 71 Wn.2d 503, 429 P.2d 240 (1967). Furthermore, this instruction, which pinpointed a particular item of evidence, was not necessary because the instructions given stated this same law in general terms.

Appellant also assigns error to the refusal to give the following requested instruction:

> If you find that the defendants' vehicle [*sic*] skidded, this fact should be considered along the defendants' knowledge of the road, their knowledge of the conditions of the road and and [*sic*] the existing weather conditions to determine whether the defendants used the proper due care and caution under the circumstances that existed at the time of the collision.

The refusal of this instruction was not error. A court is not required to specifically instruct on particular items of evidence when the parties are able to argue their theory of the case under the general instructions given. Instructions

which recite certain evidence run the risk of being comments on the evidence. Here, the court gave adequate general instructions on negligence and in addition gave WPI 70.05 relating to the statutory duty to drive at a reasonable speed in view of the conditions and hazards and at a reduced speed when special hazards exist.

A specific instruction should not be given when a general instruction adequately explains the law, and the parties are able to argue their theories of the case within the general instruction.

*State v. Stone,* 24 Wn. App. 270, 273, 600 P.2d 677 (1979).

Szupkay alleges error in not directing a verdict against respondent Cozzetti. There was conflicting evidence as to respondent's liability. The issue was properly submitted to the jury.

Cozzetti assigns error to the dismissal of her counterclaim. However, she did not cross–appeal and at oral argument her attorney conceded that she wished the issue to be addressed only if the court decided to reverse and remand the case on Szupkay's appeal. In view of these circumstances, we do not address the error alleged.

The judgment of the trial court is affirmed.

SWANSON and ANDERSEN, JJ., concur.