No. 12,201.

Fischer, et al. v. Hill, et al.

Decided January 21, 1929. Rehearing denied February 11, 1929.

Mr. Jacob V. Schaetzel, Mr. Walter E. Schwed, for plaintiffs in error.

Mr. W. E. Foley, Mr. S. S. Abbott, for defendants in error.

*Department Two.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter so referred to.

Plaintiffs signed a note for $1500, payable to defendants, and a trust deed securing the same. These came into the hands of one Siener, as agent, who caused the trust deed to be recorded. Thereupon plaintiffs brought this action to cancel the documents for failure of consideration. Admittedly an equity case, a jury was nevertheless impaneled, sworn and instructed, without objection. Its verdict was approved and adopted by the court and judgment entered accordingly directing the cancellation of both note and trust deed, and awarding costs to plaintiffs. To review that judgment this writ is prosecuted. The cause is now before us on defendants' application for a supersedeas and request for final judgment thereon.

Plaintiffs were borrowing the money represented by this note from the defendants and the loan was arranged through said Siener. Defendants gave him the cash and plaintiffs gave him the note and trust deed. He appropriated the money, recorded the trust deed and kept the note. Three days later he was arrested (apparently on charges growing out of similar transactions) and was sent to the penitentiary. The sole question submitted to this jury, and the sole question involved in this cause, was and is, Whose agent was Siener? The jury found "that in the transaction herein Louis A. Siener was acting as agent for the defendants." If so there was of course a total failure of consideration and the judgment of cancellation was right. The evidence is conflicting, but there is ample to support the verdict. Inter alia, Charles Fischer, testifying in his own behalf, admitted that he knew Siener prior to this transaction (the Hills did not) and had theretofore done business with him; that he did

not employ an attorney but accepted Siener's report that the abstract was satisfactory; that he depended upon Siener to get the note and trust deed for him, pay over the money, have the deed recorded, and deliver the note. He further said that he gave Siener no instructions to withhold any of the money, but expected him to pay it on the delivery of the note and trust deed. On this subject Robert J. Hill testified that Siener "explained that the money would be paid only on presentation of bills with proper release from liens as the construction of the building went forward." This answer is strenuously objected to, but is clearly proper if the evidence of Fischer on the same subject was proper. Fischer cannot therefore raise the question.

Finding no reversible error in the record the judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Moore concur.