## No. 17,175.

HOWARD *v.* BEAVERS.

(264 P. [2d] 858)

Decided December 21, 1953. Rehearing denied January 11, 1954.

Mr. H. GORDON HOWARD, pro se.

Mr. NORMAN H. COMSTOCK, NORMA L. COMSTOCK, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON the 9th day of October 1952, plaintiff in error Howard, was the owner of 120 acres of land located in Weld county, Colorado, and Dorothy Beavers, defendant in error, was the owner of a house located on a 50x135-foot lot in North Hollywood, California.

Howard had advertised his ranch for sale in papers, including California papers, and Beavers answered the advertisement. Agreeable valuations were placed on the properties by the parties, namely, $30,000 for the ranch and $15,000 for the California property. In due course, each party was familiarized with the other's property by personal visits thereto, and since there is no consequential complaint about representations, the dates and details of these visits are unnecessary, it being sufficient to say that each party seemed to be satisfied with an exchange of properties on the values indicated.

On October 9, 1952, the parties entered into a written contract and agreement for the exchange, the substance of which is, that Howard would accept Beavers' Calif-

ornia property, together with a rug valued at $200 as payment on the ranch, leaving the balance due from Beavers in the sum of $14,800. This difference arises over the following clause in the contract: " * * * and the said party of the first part will grant, bargain, sell, and convey back unto the party of the second part a mortgage on the property hereinabove described as the East 120 acres * * * for $14,800, being the balance due to and owed to the party of the second part as consideration for the within exchange of property, being the difference in the values of the properties * * *."

During the week preceding the date of the agreement, discussions were had concerning this $14,800, amounting, in substance, to a failure to agree as to terms, since Beavers indicated that she would like to give—in her words—"an honorary" note, meaning thereby she would pay any amount or all of it at any time; however, indicating that she might want the benefit of income from the farm to use as payments. Howard apparently being satisfied so long 'as six per cent interest was paid. This field of testimony, having to do with varying the terms of the written agreement was opened by Howard; no objections were made during the trial; and, of course, the error now assigned on that question is unavailing.

Howard appeared ready, willing and able, 'and offered to consumate the deal after having submitted his abstract of title for examination. He requested performance on the part of Beavers through her counsel and learned that she wanted to be relieved from the contract, because her husband was not satisfied and would not go with her to live on, or operate, the farm. Howard then instituted this action for specific performance of the contract. Some considerable time after this action was instituted, Howard executed a deed to his ranch which was forwarded by registered mail to Beavers and received and retained by her to the date of trial.

The prayer of plaintiff Howard's complaint was for specific performance; however, at the time of the trial

this complaint was amended by praying for the alternative of damages if specific performance could not be had. Defendant Beavers answered the complaint, setting up certain defenses: The complaint fails to state a claim upon which relief could be granted. The agreement entered into is so uncertain concerning the terms of the mortgage that it is unenforceable. That the agreement was made on the condition that it would be enforceable if the parties agreed upon a mutually satisfactory due date and installments on the mortgage mentioned therein. (Which agreement was never made.)

Plaintiff moved for summary judgment, which was denied, and the matter went to trial to the court, which stated:

"The Court: The Court feels that the question involved, of course, is the interpretation of the reference to a mortgage in the written contract to which it was proper to admit parole evidence in this matter. The Court finds that the parole evidence in the matter shows that it was the agreement of the parties that a form of obligation was anticipated that would not have a time limit in regard to payments upon it. As the Court understands the arguments of counsel and the evidence that fact is admitted by the plaintiff. The problem here— your position seems to be that there was an agreement of that type which, as a matter of law, becomes a demand note. I think from the law, as cited, had a demand note been signed, of course, that is a note signed without a date for maturity; that, as a matter of law, it would be payable on demand. It seems to the Court that there was an agreement made, that the agreement was never effectuated, and it is the ruling of the Court to grant specific performance would be to draw a demand note for the parties.

"It is my feeling that although it is the law that a note without a date is a demand note, that was the opposite from the agreement of the parties. The Court feels in this case that specific performance should not be granted.

"The court, however, feels there is a breach of contract in this matter because of the defendant's refusal to perform, and the Court will grant damages in law to the plaintiff.

"Now, may I have that statement of damages that he gave?"

The complaint having been amended, the court considered the question of plaintiff's damages, which was claimed in the amount of $911.40, which included a prospective loss of rental of the California property for the time involved at a rate of $125 a month, and expenses in the sum of $36.00 incurred by plaintiff in viewing the California premises. At the conclusion of the trial the court denied specific performance and entered judgment for plaintiff in the sum of $36.00 and costs, which judgment is the subject of this review.

Howard, plaintiff in error, contends that the written contract of exchange was a final and entire agreement because of the following covenant in the agreement: "Each of the parties hereto declare they have carefully read the above contract; that it contains the entire agreement between the parties hereto and that they have personally examined the real estate and premises above described; that there has been no other agreement or understanding or representation, either oral or written, with regard to the above described real estate not embodied in this contract, and that the results of the negotiations are merged in this contract."

Plaintiff contends that the parol-evidence rule was violated in permitting Beavers to change the interpretation and meaning of the written contract; that since no time for payment of the indebtedness is expressed, as a matter of law it was payable on demand; that the question presented was solely one of law and not a question of fact as to time of payment; that plaintiff performed all of his agreements and obligations under the contract; and that defendant retained possession of, and title to, the farm after receipt of the deed from plaintiff; that

the remedy at law for monetary damage is inadequate in this case; and that the finding and judgment of the trial court in refusing to grant specific performance of the written contract of exchange is contrary to the weight of the evidence.

Counsel for defendant in error contend that the court did not commit error in admitting the extrinsic evidence bearing upon the agreement of the parties, because plaintiff testified to conversations with defendant on the subject matter prior to the execution of the written agreement and thereby opened the door for defendant's testimony concerning the same conversations; that plaintiff made no objection to the introduction of this evidence at the time of the trial and it cannot be raised for the first time on this review; that mistake was not pleaded, but was considered and treated by both parties as an issue; and finally, that the time of payment of the mortgage was not complete, and before the granting of specific performance, which rests in the discretion of the trial court, the agreement, in all parts, must be clear, certain and complete; that defendant is not estopped because she did not return plaintiff's deed sent to her after the case was at issue; and further, because she did not go into possession of plaintiff's property and received no benefits therefrom; and finally, the trial court found that the parties did not agree upon a demand note, which finding was supported by sufficient evidence.

 Plaintiff was in no position to object to the introduction of testimony concerning the conversations leading up to the execution of the written agreement at the trial, much less in this court. He stipulated that certain depositions containing these conversations might be admitted in evidence, and also testified as to the details of such conversations. He made no such objection at the trial, and therefore is precluded here. In spite of the fact that plaintiff relies upon that part of the written agreement which says that the agreement contains the entire agreement between the parties and results of all

negotiations merged in the contract, he sought, by his testimony, to have something else read into the contract, and after he so testified he was in no position to object to the other parties giving their version of the same conversation. If he believed the contract was not ambiguous and did express the intention of the parties, as he now contends, and then proffered his testimony to clear up the understanding, how could he expect the trial court to hold that the contract on its face was such that specific performance would be enforced? It is very apparent from the statement of the trial court, herein set out, that it felt it could not determine the kind of obligation to the degree of certainty that is necessary in specific performance cases. Plaintiff contends that he made a prima facie case for specific performance, but in doing so, it is obvious that he did not rely upon the face of the written agreement.

We further are at a loss to explain plaintiff's theory that, under the terms of the contract, the mortgage for the balance of the purchase price was payable upon demand. This demand could be made within the hour after the mortgage was executed. If this contract was one concerning immediate payment of the balance of the purchase price the mortgage would be unnecessary. If there had been a mortgage prepared according to the terms of the contract, then it would have been a document silent as to the time and terms of payment, therefore there was nothing to this contract that could be carried into a mortgage as, if, and when it might have been given. The trial court could not write a new contract for the parties, because the minds of the parties did not meet on this essential matter, and therefore the contract was incomplete and unenforceable in an action of specific performance. The trial court here could not determine by the contract what was to be done to constitute performance. The precise act that the court would say must be specifically performed does not appear in this contract. We then must say that since a clear degree

of certainty is required for specific performance, clearer than is necessary to establish a contract as a basis of an action at law for damages, that the court here committed no error, nor abuse of discretion in denying specific performance and in granting such damages as the evidence would warrant. "A reservation to either party to a contract, of an unlimited right to determine the nature and extent of his performance, renders his obligation too indefinite for legal enforcement. * * *." 12 Am. Jur., p. 558, §66.

■ If it is plaintiff's contention that because defendant did not return the deed that he made to her, and which she received March 6, 1953, long after this suit was instituted, that she ratified and confirmed the contract because she then was entitled to possession of his farm, or was in some way in constructive possession thereof, we must say that the contention is without merit, because there was no delivery of this deed, within the meaning of the statute, and no acceptance thereof; therefore no title became vested in defendant, and it further is shown that she accepted no benefits thereunder. This self-serving act on the part of plaintiff did not ripen into an estoppel as against defendant. This tender was neither timely nor of any binding effect.

■ As to the adequacy of the judgment for damages, the facts upon which a judgment was to be based were before the trial court and its finding thereon will not be disturbed.

The judgment is affirmed.

Mr. Justice Bradfield not participating.