[No. 36831. Department Two. June 4, 1964.]

GEORGE D. ADAIR, *Respondent,* v. NORTHERN PACIFIC
RAILWAY COMPANY, *Appellant.*\*

*Dean H. Eastman* and *Robert J. Allerdice,* for appellant.

*John J. Kennett,* for respondent.

FINLEY, J.—This is an action in which a railroad employee
seeks recovery under the Federal Employers Liability Act
for personal injuries resulting when he suffered a fall while
engaged in the course of his employment. The primary
issue on this appeal concerns the sufficiency of the evidence
to support a jury verdict finding the employee guilty of
contributory negligence, and reducing his recovery of dam-

\*Reported in 392 P. (2d) 830.

ages, accordingly, by 40 per cent, under the comparative negligence provisions of the Act. The trial court held the evidence failed to establish contributory negligence and entered judgment for the employee for the full amount of his damages.

In December 1958, George Adair (plaintiff-respondent) was an employee in the signal department of the Northern Pacific Railway Company (defendant-appellant), attached to a work gang which had just finished a job near Easton, Washington. The entire area around Easton, including the job site, had been covered with ice and snow for at least 2 weeks. At the time of the accident, Adair and some of the other men were loading equipment aboard a company truck which was backed up to some railroad tracks bordering the work area. To approach the truck it was necessary to walk down an icy path, which sloped some 2½ feet in the last 10 feet before reaching the truck, and to step over the southernmost rail of the track, located several feet from the truck bed.

Adair sustained his injuries as he and a helper were attempting to load a 165-pound oxygen tank onto the truck. Having reached the lowest point on the sloping portion of the slippery path, and at a point close to the southernmost rail, Adair apparently fell while in the process of stepping over the rail and the track toward the back of the truck which he and his partner were engaged in loading. Although Adair knew of the conditions near the truck, and had experienced trouble with his footing on the icy path in previous trips to load the truck, he did not inform his superiors of this; nor did he request that the path be salted or sanded. Likewise, the railroad, although charged with notice of the conditions, did nothing to correct them.

After considering all of the facts and circumstances, the jury found both the railroad and Adair negligent, and that the total damages amounted to $13,750. In accordance with the practice under the Federal Employers Liability Act, 45 U.S.C.A. 51, *et seq.*, the jury was properly instructed that contributory negligence on the part of the employee would not bar his recovery, but would instead require that the

damage award be reduced by a percentage reflecting an approximation of the employee's portion of the fault or negligence proximately causing the accident. The jury concluded that plaintiff Adair was 40 per cent at fault, or negligent, and reduced the award to $8,250, 60 per cent of the total damage suffered.

The trial court declined to enter judgment on the jury verdict, and awarded the plaintiff 100 per cent of the damages, notwithstanding the jury finding of contributory negligence. This was done on the ground that there was insufficient evidence to support a finding of contributory negligence, and that the submission of the issue to the jury was improper.

All questions regarding the sufficiency of the evidence to support a jury finding in Federal Employers Liability Act (hereinafter referred to as FELA) cases are controlled by federal law. Annotation, 79 A.L.R. (2d) 553 (1961). The federal interest under the Act extends to the determination of the minimum quantum of evidence the plaintiff must adduce to prove a prima facie case. *Brady v. Southern R. Co.*, 320 U. S. 476 (1943). The same applies to the quantum of proof of contributory negligence, different only in that it militates *against* the recovery of the plaintiff. See *McGuigan v. Southern Pac. Co.*, 112 Cal. App. (2d) 704, 247 P. (2d) 415 (1952). The federal rule, determined in the last instance by the United States Supreme Court, is the test of the sufficiency of evidence which must be applied in the present case.

While the federal rule is subject to some uncertainty concerning its ultimate scope, it is clear that it accords the jury a greater freedom in making factual determinations than that allowed under the Washington "substantial evidence" rule. *Rogers v. Missouri Pac. R. Co.*, 352 U. S. 500 (1957), is most often cited as establishing the present federal rule. As interpreted by such later cases as *Conner v. Butler*, 361 U. S. 29 (1959), and *Harris v. Pennsylvania R. Co.*, 361 U. S. 15 (1959), the *Rogers* case establishes a rule which may be set down as follows: The slightest evidence of negligence or causation is sufficient to take

the case to the jury (and to preclude a judgment n.o.v.). In the recent case of *Basham v. Pennsylvania R. Co.,* 372 U. S. 699 (1963), the trial and appellate courts of New York were reversed, per curiam, for refusing to accept a jury verdict for which there was an "evidentiary basis." In this per curiam the court significantly stated:

"In *Lavender v. Kurn,* 327 U. S. 645, also an F.E.L.A. action, the employer argued, as does respondent here, that its evidence tended to show it was physically impossible for its equipment to have injured the employee. . . . In reversing a state court judgment setting aside a jury verdict for the employee, this Court said, in language fully apposite here: 'Only when there is a complete absence of probative facts to support the conclusion reached [by the jury] does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.' "

■ The decided cases, in terms of direct holding and rationale, leave no room to doubt the proposition that the trial jury rather than the trial judge essentially has the authority and the responsibility for effectuating the national policy expressed in FELA. Maximum leeway functionally is given to the jury in balancing legal niceties and, perhaps, sometimes guessing a bit in applying the comparative negligence formula in FELA cases. That this holds true for contributory as well as primary negligence logically follows from both the nature of the problem and the nature of the jury. In the nature of things, and possibly supported by lessons from history, the jury is uniquely qualified to weigh and balance the manifold, and sometimes obscure, considerations inherent in finding "percentages of fault" in relation to comparative negligence as required by the statute. Relegating to the jury the resolution of questions of primary and contributory negligence under different standards would not only foster procedural confusion but would be inconsistent with the policy of leaving the over-all

decisional function reserved essentially to the jury in FELA cases under the federal standard inherent in the federal Act.

██ In the instant case there is clearly ample evidentiary basis under the federal standard to support all facets of the jury verdict, including that of contributory negligence. Adair was an experienced employee who had worked extensively on snow and ice and knew of the dangerous ground conditions at the site where the accident happened. He had previously had difficulty with his footing at the point of the fall, and knew that the southernmost rail of the track between the path and the truck was directly underfoot when lifting a load onto the truck bed. The jury could have found that Adair tripped over the rail or fell in some other manner which indicated that he was not exercising the proper degree of care for his own safety. See *Sprunt v. Denver & Rio Grande Western R. Co.,* 9 Utah (2d) 142, 340 P. (2d) 85 (1959), finding the submission to the jury of the issue of contributory negligence proper on similar facts. The jury could also find Adair negligent in failing to notify his superiors of the dangerous area, in the expectation that they then might have caused it to be salted or sanded. No further enumeration need be made here of other factors and bits of evidence upon which the jury could have based its finding of contributory negligence. Sufficient evidence appears from the facts shown. We hold that the trial court should have entered judgment on the jury verdict reducing the recovery of damages by 40 per cent.

The granting of the motion for judgment notwithstanding the reduction of damages for contributory negligence was improper, and is reversed. The trial court also granted in the alternative a motion for a new trial, with three grounds stated therefor. The first two of the grounds concern the insufficiency of the evidence to support instructions on contributory negligence, and are sufficiently answered above. The third ground concerns alleged error of the trial court in refusing plaintiff's proposed instruction No. 17 to the effect that the plaintiff did not assume any risk of injury arising from his compliance with orders given him

by his superiors. The instruction was properly refused, as it would have been repetitive if given. The jury was properly instructed in instruction No. 7 that the employee shall not be held to assume the risks of his employment, in accordance with the provisions of the Act. The order granting a new trial was error, and is reversed.

The judgment of the trial court is reversed, with instructions to reinstate the jury verdict *in toto,* awarding to the plaintiff the $8,250 in damages found after the reduction of such by 40 per cent.

OTT, C. J., DONWORTH and HAMILTON, JJ., and MURRAY, J. Pro Tem., concur.

October 15, 1964. Petition for rehearing denied.