No. 20521.

THE COLORADO AND SOUTHERN RAILWAY COMPANY *v.*
JOHN LOMBARDI.
(400 P.2d 428)

Decided March 22, 1965.    Rehearing denied April 12, 1965.

490

C. W. Krohl, W. L. Peck, J. C. Street, Wormwood, O'Dell and Wolvington, for plaintiff in error.

Zarlengo, Zarlengo & Seavy, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

We shall refer to plaintiff in error, who was defendant in the trial court, as the railroad, and to defendant in error, Lombardi, by name or as the employee.

This case arises under the Federal Employers' Liability Act (Title 45, U.S.C.A. § 51, et seq.) and involves an accident that occurred in the Denver, Colorado, repair yard of the railroad while Lombardi was repairing a gondola railroad car. It involves only one issue, viz: Should the trial court have submitted the question of

Lombardi's asserted contributory negligence to the jury for its determination?

Lombardi, who was 40 years old at the time of trial and had 15 years experience in his work at the time of the accident, suffered the loss of the toes on his right foot when a heavy metal door weighing 750 pounds fell while he was attempting to repair it. His claim for damages for personal injuries was for the sum of $40,000.00. The jury awarded him $12,000.00 and costs. Admittedly, he was off work over six months without pay (at $447.00 per month lost wages) as a result of the accident, and suffered disfigurement and pain and suffering as well. His complaint, among other grounds, alleged negligence on the part of the railroad in failing to furnish him a reasonably safe place to work and in failing to adequately inspect the door in question prior to his working on it. The answer alleged negligence on the part of Lombardi and no negligence on the part of the railroad; but if there were such negligence, then it alleged his contributory negligence.

Both the railroad and Lombardi submitted numerous instructions, many of which were rejected by the court. The particular instructions of the railroad which were declined, and to which refusal objection was made there and in this court, relate to the complete elimination of those which concerned contributory negligence and which thereby eliminated from the jury's consideration (according to the railroad) its theory of the case. To restate, its theory was that Lombardi was guilty of contributory negligence and that it was entitled to instructions on such a theory; the end result of which might have led the jury to reduce proportionately its award under the comparative negligence phase of the statute.

Of course, if there was evidence of contributory negligence, the jury should have been instructed thereon.

At the time of the accident the gondola had been inspected by the railroad's employee assigned to that ex-

clusive duty. Although the door in question was bent, no mention of this fact then appeared on the repair slip prepared by the inspector and fastened to the side of the car. The repairs specified on the repair slip were solely to replace a hasp and keeper on the upper right hand corner of the door and to install a "U" bolt to which the hasp would be fastened. Similar devices were on the other end of the door. It appears that when the door stood upright, the hasps would be held in place by the keepers.

Lombardi read the work order and then sent his helper for a crane which soon arrived with its operator. Lombardi and his assistant then were in the gondola and Lombardi directed the lowering of the crane's cable with its "J" hook to the door which was lying flat inside the car. He fastened the "J" hook in the remaining "U" bolt and the crane operator then pulled the door upright, at which time Lombardi attempted to push the hasp into the keeper on the side of the car. The hasp would not go down easily. Thereupon, he used a sledgehammer to tap it into place. As he was doing so, there was a "zing" noise which caused him to jump backwards; but not in time to avoid the door falling on his foot with the resultant injuries, as above mentioned.

A later examination of the door revealed that the remaining "U" bolt, which was fastened from the inside (underneath the door as it lay flat), had only one nut on it and that the bolt had snapped off next to this nut, thus releasing the door.

An engineer testifying as an expert witness, stated that the "U" bolt in question was of "mild" steel and was of sufficient strength to safely hold 6 tons; and that it should not break, if properly fastened, before it had a 12 ton stress on it. He further stated that this bolt had been freshly broken on one prong due to there being no nut on the other prong so that the pull could be properly absorbed. He also testified that the bolt failed because it was like tearing a sheet of paper due to its

angle at the time; and, that the rusted end, without a nut, had been in that condition for three years.

All the evidence offered by both parties was to the effect that Lombardi was doing that which he had been hired to do in the usual and customary manner, and as he and other workmen had done many times in the past. He was not in violation of any safety rules. The evidence also indicated that the work slip was corrected after the accident to show the door was bent and that this condition was repaired later by other employees. The bend in the door could well explain why the hasp would not insert easily in the keeper.

The inspector testified that he did not examine the "U" bolt in place before the accident and did not customarily get into the cars to do so. The evidence showed that Lombardi was not an inspector and was to rely on the latter's inspections which were to disclose any dangerous condition, same to be noted on the work slip.

In view of the evidence, we must begin with the observation that there was no dispute in the facts for a jury to appraise. We must then consider whether the jury could have, on the basis of the facts, found Lombardi's conduct to be negligent. We hold that the trial court was correct when it found, as a matter of law, that the jury could not do so.

We are governed here by the federal law, statutory and decisional, as applied by the federal courts. *Dice v. Akron, C. & Y. R. Co.*, 342 U.S. 359 (1952). The slightest evidence of negligence or causation is sufficient to take a case to the jury under this Act. *Adair v. Northern Pacific Railway Company*, 64 Wash.2d 539, 392 P.2d 830 (1964). Also in *Brady v. Southern Ry. Co.*, 320 U.S. 476 at 479 (1943) the United States Supreme Court stated:

"The weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the trier of fact — in this case, the jury."

Moreover, the court stated in *Brady* that the problem of whether sufficient evidence of negligence is furnished by the record to justify the submission of the case to the jury in Federal Employers' Liability cases "* * * must be determined by this Court finally." In other words, it is a question of law for the trial court, subject to final review by the United States Supreme Court, in order to secure uniform application of the law in the various states, as to whether there is sufficient evidence to go to the jury. It follows that when there is no evidence of negligence on a plaintiff's part, the issue of contributory negligence should not be injected into the case and considered by the trier of fact, and, the trial court should decline to submit that issue to a jury or instruct it thereon. *Morran v. Pennsylvania Railroad Company*, 321 F.2d 402 (1963).

Here the railroad, being engaged in interstate commerce, owed the duty of providing this employee with a safe place to work, the reasonableness of which depended upon the danger attending the place or the equipment involved. *Williams v. Atlantic Coast Line R. Co.*, 190 F.2d 744 (1951). And, Lombardi, to whom such a duty was owed, had the right to assume that that duty would be performed; he, therefore, was not to be held contributorily negligent in failing to anticipate the negligence or omissions of his employer, until he had become aware of such negligence. It is not contributory negligence to fail to look for danger when there is no reason to apprehend any. *Northwest Airlines v. Glenn L. Martin Company*, 224 F.2d 120 (1955). Hindsight is no part of the test here. Nor is what Lombardi might have done in retrospect to have avoided this accident the test.

Here the employee had a right to rely on the inspection made by the railroad's inspector and to assume that the gondola was in a safe condition except for those defects which were listed. He then had a right to proceed with the repairs in the usual and customary manner.

He had no duty to look for hidden danger. Thus, being unaware of any danger, as a matter of law he was not guilty of contributory negligence in failing to anticipate the railroad's negligence. *Morran, supra.*

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.