## No. C-534

## Safeway Stores, Inc., a Maryland corporation v. Kitty Langdon

(532 P.2d 337)

Decided February 18, 1975.

Wood, Ris & Hames, P.C., Stephen E. Connor, Clayton B. Russell, for petitioner.

Balaban & Lutz, Harlan G. Balaban, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Kitty Langdon brought suit against Safeway Stores, Inc. for personal injuries which she suffered when a carry-out boy ran into her with a shopping cart. The jury was instructed on the law relating to both negligence and contributory negligence and resolved the issue of liability against the plaintiff. The plaintiff appealed. The Court of Appeals reversed and concluded that the contributory negligence issue should not have been submitted to the jury and that the defendant was negligent as a matter of law. *Langdon v. Safeway Stores, Inc.,* 34 Colo. App. 29, 523 P.2d 997 (1974). As a result, the Colorado Court of Appeals remanded for a new trial on the issue of damages. We granted certiorari. We now reverse and remand for a new trial on both the negligence and damage issues.

## I.
### Challenge for Cause

The court of appeals did not consider the plaintiff's claim that the trial court committed reversible error in denying the plaintiff's challenge of a juror for cause. To obtain six jurors for the trial of a civil action, fourteen jurors are empaneled. C.R.C.P. 47(g). One of the fourteen prospective jurors was Dolores Utard. When she was questioned on voir dire, she stated that she was an employee of the defendant, Safeway Stores, Inc., and that her brother-in-law managed a Safeway Store in the Denver area. On further inquiry, she said that she did not think her employment and relationship with Safeway would affect her judgment, but that she did not know how Safeway would feel about her participation as a juror in the case. Thereafter, the plaintiff challenged her for cause and cited C.R.C.P. 47(e)(3) as authority for the challenge. The trial court denied the challenge. Plaintiff's counsel then exercised a peremptory challenge and excused her as a juror. C.R.C.P. 47 provides in pertinent part:

"(e) *Challenges for Cause*. Challenges for cause may be taken on one or more of the following grounds:

. . . .

"(3) Standing in the relation of guardian and ward, master and servant, employer and clerk, or principal and agent to either party, or being a member of the family of any party; or a partner in business with any party or being security on any bond or obligation for any party . . . ."

When a prospective juror falls within the class of persons designated within the rule, actual bias need not be shown. Bias is implied to insure that a jury is impartial, not only in fact, but in appearance. *Crawford v. United States,* 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465 (1909); *Francone v. Southern Pac. Co.,* 145 F.2d 732 (5th Cir. 1944). *Compare* Fed. R. Civ. P. 47 *and* 28 U.S.C. § 1870 (1970).

■ Our rule specifies the grounds upon which a challenge for cause may be asserted. The failure of the trial judge to sustain the plaintiff's challenge for cause, after Dolores Utard was determined to be within the class of persons designated in C.R.C.P. 47(e)(3) was reversible error.

## II.
### The Issues of Negligence and
### Contributory Negligence

The plaintiff purchased groceries at the defendant's store and was offered the service of a carry-out boy. The groceries were put in a shopping cart, and the carry-out boy followed the plaintiff at a distance of two to three feet as she walked toward the store's exit. When the plaintiff had traveled no more than the distance of one check-out stand, she hesitated slightly to glance at a dog food display which Safeway had constructed. When she hesitated, the carry-out boy ran into her left ankle with the shopping cart and caused serious physical injury.

At the conclusion of the evidence, the plaintiff moved for a directed verdict on the negligence issue. The trial judge denied the motion and submitted the negligence issue to the jury and further instructed the jury, over the plaintiff's objection, on the issue of contributory negligence. The court of appeals concluded that neither negligence nor contributory negligence was an issue for the jury and that the defendant was liable as a matter of law. Accordingly, the court of appeals remanded for a new trial on the damage issue.

*Contributory Negligence.*

■ The court of appeals correctly determined that the trial judge committed reversible error by instructing the jury on contributory negligence. Contributory negligence is an affirmative defense which should not be submitted to the jury where there is

no evidence to support it. *Colorado & Southern Ry. v. Lombardi,* 156 Colo. 488, 400 P.2d 428 (1965). As we said in *Skorey Co. v. Canino,* 142 Colo. 411, 350 P.2d 1069 (1960):

"[C]ontributory negligence has been defined as such acts or conduct on the part of a plaintiff but for which he would not have been injured; or, otherwise stated, negligence on the part of the injured person that so far contributed to the injury that without it the injury would not have occurred. *Kent Mfg. Co. v. Zimmerman,* 48 Colo. 388, 110 P. 187; *Carlson v. Millisack,* 82 Colo. 491, 261 P. 657. Negligence involves the violation of a duty or an obligation to another; contributory negligence does not affect a duty, but embraces an undue risk of harm to oneself. The true measure of conduct required of the plaintiff, is what would an ordinarily prudent person have done under the circumstances as they then appeared to exist. *Hogue v. C. & S. Ry. Co.,* 110 Colo. 552, 136 P.(2d) 276. The legal rule of conduct requires that the plaintiff, as well as the defendant, shall act as an ordinarily prudent person would do under like circumstances. In either case the act must be the proximate cause, or one of the proximate causes of the injury, to charge the defendant with negligence or the plaintiff with contributory negligence."

■ The evidence was insufficient to create an issue as to contributory negligence. Contributory negligence does not arise from the fact that the plaintiff hesitated to look at a dog food display which Safeway constructed to attract the attention of its customers. No other evidence supports the defense of contributory negligence. Therefore, the jury should not have been instructed on contributory negligence. On retrial, unless other evidence of contributory negligence is presented, the issue of contributory negligence should not be submitted to the jury.

*Negligence.*

The negligence issue must be determined by the jury. In *Nettrour v. J. C. Penney Co.,* 146 Colo. 150, 360 P.2d 964 (1961), we said:

"In passing upon a motion for a directed verdict the trial court [as well as an appellate court] must view the evidence in the light most favorable to the party against whom the motion is directed. Every reasonable inference to be drawn from the evidence pre-

sented is to be considered in the light most favorable to such party. A motion for directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable men could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been received or shown upon which a jury's verdict against the moving party could be sustained. *Brent v. Bank of Aurora,* 132 Colo. 577, 291 P.(2d) 391; *Gray v. Turner,* 142 Colo. 340, 350 P.(2d) 1043.''

*See also McGlasson v. Barger,* 163 Colo. 438, 431 P.2d 778 (1967).

■ Gauged by this standard, the negligence issue was properly submitted to the jury, and the court of appeals erred in reversing the trial court and directing a verdict on the liability issue. The issue is for the jury when the evidence is such that different conclusions might be drawn by fair minded men as to whether negligence is shown. *Mayer v. Sampson,* 157 Colo. 278, 402 P.2d 185 (1965).

■ A verdict should be directed only when the evidence has such quality and weight as to point strongly and overwhelmingly to the fact that reasonable men could not arrive at a contrary verdict. *Pioneer Construction Co. v. Richardson,* 176 Colo. 254, 490 P.2d 71 (1971); *Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250 (1961); *Powell v. City of Ouray,* 32 Colo. App. 44, 507 P.2d 1101 (1973).

Accordingly, we reverse and remand to the court of appeals with directions to remand to the district court for new trial in accordance with the views expressed in this opinion.

MR. JUSTICE KELLEY does not participate.