603 P.2d 955 (1979)
Jane A. KALTENBACH, Plaintiff-Appellant,
v.
JULESBURG SCHOOL DISTRICT RE-1 and the Board of Education of Julesburg School District RE-1, Martin Span, Ralph Miller, Richard Austin, Paul Hahlweg and James Kontney, Individually and as Directors of the said District, and Isidore Gerk, Individually and as a former Director of said District, and John Lundgren, as a present Director of said District, Defendants-Appellees.
No. 78-169.
Colorado Court of Appeals, Div. III.
August 23, 1979.
Rehearing Denied October 4, 1979.
*956 Hobbs & Waldbaum, P. C., Larry F. Hobbs, Douglas B. Koff, Stephen E. Uslan, Denver, for plaintiff-appellant.
Reese Miller, Yegge, Hall & Evans, Carol M. Welch, Denver, for defendants-appellees.
*957 BERMAN, Judge.
Plaintiff, a non-tenured teacher, filed this suit seeking reinstatement and damages based on defendants' alleged: (1) breach of contract; (2) violation of her due process rights; (3) violation of her First Amendment rights; and (4) privately made, and therefore invalid, decision not to renew plaintiff's teaching contract. At the conclusion of plaintiff's case, the second and fourth claims were dismissed on plaintiff's motion. At the same time, the trial court granted defendants' motion for a directed verdict on the First Amendment claim. The jury found for defendants on the breach of contract claim, and judgment was entered accordingly. Plaintiff appeals, and we affirm.

I.
Plaintiff first argues that the trial court erred in granting defendants' motion for a directed verdict on her First Amendment claim. We, however, agree with the trial court that plaintiff failed to establish a prima facie case.
Plaintiff's evidence, viewed in the light most favorable to her, see Safeway Stores v. Langdon, 187 Colo. 425, 532 P.2d 337 (1975), showed that she was employed by the defendant school district as a non-tenured teacher from August 1972 until June 1975. During that time she was a member of the Julesburg Education Association (JEA), and she served as treasurer thereof during the second and third years of her employment.
During the final year of her employment, defendants decided not to renew the contract of an elementary school principal, Mr. Hawks. Thereafter, at a JEA meeting, the members of the association voted 27-3 in support of the principal. Plaintiff attended the meeting and voted with the majority.
The members of the JEA decided to write letters of recommendation for the principal and to attend an open school board meeting to submit the letters as a group. Plaintiff attended the board meeting. The board refused to reconsider its decision regarding Mr. Hawks, and, subsequently, the JEA took a secret ballot vote of no confidence in the superintendent of schools. Plaintiff was one of nineteen teachers who voted no confidence.
On March 19, 1975, the board of education considered the question of the renewal of plaintiff's contract. Although the school principals under whom plaintiff had worked recommended renewal, the board members voted 5-1 not to renew her contract.
At trial, plaintiff called as witnesses three of the board members who had voted against renewal of her contract. The first, defendant Hahlweg, acknowledged that plaintiff's involvement in the "Hawks incident" was a contributing factor in his vote. The second, defendant Austin, stated that his vote was based solely on his belief that plaintiff's health was poor. The third, defendant Gerk, acknowledged his deposition testimony that, at the time of his vote, he had information that people outside the school felt that "`some of the teachers .. were not living up to their job expectations because of the things that had happened.'" Upon further questioning, he explained that, because of the Hawks incident, "`there seemed to be some bad feelings, low morale, whether that affected their job or not, I don't know.'" Each of the three board members testified that he was not aware that plaintiff was either a member or an officer of the JEA.
In order to withstand defendants' motion for a directed verdict, plaintiff had to present evidence from which the jury could have inferred that her constitutionally protected activities were a "substantial" or "motivating" factor in defendants' decision not to renew her contract. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Plaintiff failed to meet this burden.
Defendant Gerk's deposition testimony could not support an inference that plaintiff's protected conduct was a substantial or motivating factor in his vote. Any such inference would necessarily be based on speculation, rather than on facts in evidence, *958 and would therefore be impermissible. People in the Interest of R.D.S., 183 Colo. 89, 514 P.2d 772 (1973). And, since there was no evidence that plaintiff's activities were considered at any board meeting, or discussed among any board members, see Thorpe v. Durango School District No. 9-R, Colo.App., 591 P.2d 1329 (1978), cert. granted, March 19, 1979, an inference that this information was known and considered by the other board members, who were not called as witnesses by plaintiff, would also be impermissible. People In the Interest of R.D.S., supra.
Thus, there was no evidence that the votes of any of the board members, other than defendant Hahlweg, were at all related to plaintiff's association activities. Even if Hahlweg had voted to renew plaintiff's contract, the result would not have been different. Thus, the trial court did not err in granting defendants' motion for a directed verdict on this claim. See Meyr v. Board of Education, 572 F.2d 1229 (8th Cir. 1978).

II.
Plaintiff next contends that the trial court committed reversible error in denying her challenges for cause of two jurors. We disagree.
Rulings on challenges for cause are in the sound discretion of the trial court and will not be reversed absent on abuse thereof. Kelly v. People, 121 Colo. 243, 215 P.2d 336 (1950); see People v. McCrary, 190 Colo. 538, 549 P.2d 1320 (1976).
As to the first juror, plaintiff contends that his statements on voir dire, that he felt "sorry for the school boards," that he thought school boards "have it rough," and that he preferred to be removed from the jury, showed bias which entitled her to his removal for cause under C.R.C.P. 47(e)(7). However, the juror also stated that he could, and would, put his feelings to one side, and decide the case fairly and impartially based on the evidence presented. Under these circumstances we find no abuse of discretion. See Independence Coffee & Spice Co. v. Kalkman, 61 Colo. 98, 156 P. 135 (1916).
Plaintiff's other challenge for cause was based on a juror's alleged interest "in the event of the action," under C.R.C.P. 47(e)(5), because he was a creditor of defendant Kontney. The debtor-creditor relationship was based on the juror's holding a second mortgage on property owned by Kontney.
A comparison of C.R.C.P. 47(e) with Crim.P. 24(b)(III) makes it clear that, in a civil case, a juror's standing in a debtor-creditor relation with a party, without more, is insufficient grounds for a challenge for cause. Here, the juror stated that his status as a creditor would not affect his ability to be fair and impartial. We find no abuse of the trial court's discretion in denying plaintiff's challenge for cause.

III.
Plaintiff also argues that the trial court committed reversible error in restricting her voir dire regarding the prospective jurors' interest in defendants' insurance company. Under the facts of this case, we find no reversible error.
Plaintiff was properly allowed to question the original jury panel regarding any interest in defendants' insurance company. See Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185 (1965). Plaintiff was also permitted to ask two jurors, who were subsequently called to replace others who had been excused, the insurance question individually. The trial court then granted defendants' motion for protective orders to prevent plaintiff from making any further reference to the insurance company.
The protective order kept plaintiff from asking the insurance question of two jurors who came on thereafter. However, each of these jurors stated that she had been present in the courtroom throughout the voir dire, that she had heard all the questions that had been asked previously, and that there were no interests or other information which she felt ought to be known by the attorneys. Given these circumstances, plaintiff was not prejudiced by the court's *959 ruling, and therefore, there was no reversible error. See Bigler v. Richards, 151 Colo. 325, 377 P.2d 552 (1963); C.R.C.P. 61.

IV.
Plaintiff's final contention of error concerns her breach of contract claim. The claim was founded on her asserted standing as a third-party beneficiary of an alleged agreement between defendants and an accrediting agency, the North Central Association of Colleges and Schools (NCACS). The high school at which plaintiff was employed was accredited by the NCACS, and plaintiff's claim was based on a published standard of the association which provided that teachers whose contracts were not to be renewed would be given written notice, a statement of reasons, and an opportunity to be heard before official action by the board. Plaintiff contends that the trial court erred by admitting evidence of the non-enforcement of this standard by the NCACS. We disagree.
Plaintiff offered, and the trial court admitted over defendants' objection, a transcript of proceedings of the 1973 association meeting at which the standard in question was adopted. The transcript included evidence that a similar standard, which required a written statement of charges, had been in effect since 1969, and that the requirement of written statements had not been followed. Thus, we agree with the trial court that plaintiff "opened the door," and defendants' evidence was not admitted improperly. See Howard v. Beavers, 128 Colo. 541, 264 P.2d 858 (1953); Fischer v. Hill, 85 Colo. 149, 274 P. 172 (1929).
Judgment affirmed.
RULAND and KELLY, JJ., concur.