ACTION REALTY, a partnership, Plaintiff-Appellee,

v.

N. R. BRETHOUWER, also known as Robert Brethouwer, and Thomas J. Chamberlain, also known as Thomas Chamberlain, Defendants-Appellants.

No. 80CA0889.

Colorado Court of Appeals, Div. II.

June 11, 1981.

Rehearing Denied July 2, 1981.

Certiorari Denied Aug. 31, 1981.

Kreidler, Rosentrater & Moxley, Gary L. Rosentrater, Montrose, for plaintiff-appellee.

Woodrow, Roushar & Weaver, Gerald D. Weaver, Montrose, for defendants-appellants.

TURSI, Judge.

Defendants, N.R. Brethouwer and Thomas J. Chamberlain, appeal from a judgment entered upon a jury verdict in favor of plaintiff, Action Realty. They contend that the trial court erred in failing to dismiss a juror for cause on grounds of religious reservations against judging others. We affirm.

The trial court conducted an extensive voir dire, in which it explained the fact-finding functions of the jury. In addressing the matter of credibility, it stated that determining credibility was not so much an issue of distinguishing truth from deliberate lies as reaching a decision based on many factors, such as recall, which bear on a witness's ability to relate events as they actually occurred.

Later the trial court raised the issue of religious bias. It stated that the jurors would be asked to determine certain facts, not particularly to judge individuals. One juror volunteered that because of religious beliefs, she did not wish to judge individuals but that she thought the court's explanations were "appropriate."

In response to individual questioning by the court she stated that she could fulfill her duty to find facts as described by the court. Defendants' counsel advised the juror that although she would not be convicting a person of a crime, to a certain extent, she still would be judging a person's conduct or credibility. She answered that although she was a little "leery" about it, she would "try to really do just as the court would ask." After further questioning by the trial court and counsel, the juror stated that she could follow the court's instructions and fulfill her duty as a juror. The trial court denied defendants' challenge for cause. Defendants exercised a peremptory challenge to excuse the juror.

Defendants contend that the juror was incapacitated from performing jury service within the purview of § 13–71–109(2)(c), C.R.S.1973. That section refers to physical or mental disability and is inapposite. Therefore, a juror's religious reservation on judging another cannot be a ground for a challenge under C.R.C.P. 47(e)(1), which incorporates the statutory qualifications by reference.

Defendant's reliance on *Safeway Stores, Inc. v. Langdon,* 187 Colo. 425, 532 P.2d 337 (1975), is misplaced. *Safeway* addresses C.R.C.P. 47(e)(3) which concerns disqualification because of bias to a party implied in a status. In cases of prospective jurors who fall within the categories listed in C.R.C.P. 47(e)(1) through (5), bias is implied to avoid even the appearance of prejudice. *See Safeway Stores, Inc. v. Langdon, supra.* There is no reason to imply bias here. The test for disqualification because of religious conviction pursuant to C.R.C.P. 47(e)(7) is the impartial fact-finder test.

The recent case of *Morgan v. People,* Colo., 624 P.2d 1331 (1981) is inapposite because the juror in that case doubted his ability or willingness to apply the law. Here, there is no reason to question the impartiality of the juror, and there is no abuse of discretion. Therefore, the trial court's ruling will not be disturbed on review. *Kaltenbach v. Julesburg School District RE-1,* Colo.App., 603 P.2d 955 (1979); *Salazar v. Taylor,* 18 Colo. 538, 33 P. 369 (1893).

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.