[No. 14445-3-III.    Division Three.    August 13, 1996.]

WILLIAM J. MOORE, *Appellant*, v. UNION PACIFIC RAILROAD, *Respondent*.

*Brian L. Meck; Frederic A. Bremseth, Thomas W. Geng,* and *Doshan & Bremseth,* of counsel, for appellant.

*William J. Schroeder, John A. Manix,* and *Paine, Hamblen, Coffin & Brooke; Christina K. Boyer,* of counsel, for respondent.

SCHULTHEIS, J. — William Moore was riding in a Union Pacific Railroad van that was hit head on by an out-of-control car. He sued Union Pacific and the other car's driver for negligence. Union Pacific's motion for summary judgment dismissal was granted and Mr. Moore appeals, contending there are issues of material fact regarding (1) the breach of Union Pacific's duty to avoid the collision and (2) the cause of his injuries. We reverse and remand for trial.

Just after midnight one day in early January 1989, Mr. Moore and fellow Union Pacific Railroad employees Larry Masuda and Bob Towles were riding in a van owned by Stuby Transportation Company. Stuby had been hired by Union Pacific to transport its employees from Plumber, Idaho, to Spokane, Washington. For the purposes of this appeal and the summary judgment motion, Union Pacific stipulates that Stuby was acting as its agent.

While traveling on a rural two-lane highway, the van passengers noticed an approaching car was swerving from side to side. First observed about a quarter mile away, the car swerved into the van's lane at least two times before it crashed head on into the van, injuring the van's occupants. Mr. Moore noticed black ice on the road after the accident. Two of the van passengers and the other car's driver, Stacy Wagner, alleged the van driver did not adequately respond to the imminent threat of the approaching car. According to the van passengers, their driver merely lifted his foot from the accelerator (slowing to between 40 and 45 miles per hour) and braked just before the collision.

On January 28, 1991, Mr. Moore filed a complaint for damages against Union Pacific and Ms. Wagner.[1] Union Pacific moved for summary judgment dismissal of the suit against it on January 12, 1993, arguing it had not breached a duty of care owed to Mr. Moore and had not proximately caused his injuries. The trial court granted the motion and this appeal followed.[2]

Mr. Moore contends Union Pacific breached the duty imposed by the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51 (West 1986), to provide him a reasonably safe place to work. *Atchison T. & S.F. Ry. v. Buell*, 480 U.S. 557, 558, 107 S. Ct. 1410, 94 L. Ed. 2d 563 (1987). He argues there is sufficient evidence to raise genuine issues of material fact regarding the breach of this duty and the extent that breach caused his injuries.

■ ■ FELA provides that every railroad is liable in damages to an employee suffering on-the-job injury resulting from the negligence of its officers, agents or employees. 45 U.S.C.A. § 51. In order to further FELA's humani-

---

[1] Two other defendants, Gary and Linda Wagner (Stacy's parents), are also included in the complaint.

[2] The motion for summary judgment was granted on February 23, 1993; however, the order omitted language directing entry of a final judgment dismissing Union Pacific as a defendant. Upon petition from Mr. Moore, the court entered a final order on October 13, 1994. Mr. Moore filed a notice for discretionary review on November 8. In a Commissioner's Ruling on March 30, 1995, the matter was ruled appealable as a matter of right.

tarian purposes, Congress has abolished several common-law defenses, including contributory negligence (replaced with comparative negligence) and assumption of risk. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 114 S. Ct. 2396, 2404, 129 L. Ed. 2d 427 (1994). Likewise, courts have liberally construed FELA to further Congress's remedial goal. *Gottshall*, 114 S. Ct. at 2404. In particular, the standard for receiving a jury trial under FELA is less stringent than the standard for common-law tort cases. *Mullahon v. Union Pac. R.R.*, 64 F.3d 1358, 1363 (9th Cir. 1995). The test of a jury case is whether the record reasonably justifies the conclusion that the employer railroad's negligence "played any part, even the slightest," in producing the injury. *Gottshall*, 114 S. Ct. at 2404 (quoting *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 77 S. Ct. 443, 448, 1 L. Ed. 2d 493 (1957)); *Claar v. Burlington N. R.R.*, 29 F.3d 499, 503 (9th Cir. 1994). "This relaxed standard applies to both negligence and causation determinations." *Mullahon*, 64 F.3d at 1364.

Here, the trial court found simply that the evidence and oral arguments raised no issues of material fact. On review of a summary judgment, we undertake the same analysis as the trial court, considering the facts in the light most favorable to the nonmoving party. *Yakima County (W. Valley) Fire Protection Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 381, 858 P.2d 245 (1993). Summary judgment is appropriate only when there is no genuine issue of material fact, reasonable persons could reach only one conclusion and the moving party is entitled to judgment as a matter of law. *Tanner Elec. Coop. v. Puget Sound Power & Light*, 128 Wn.2d 656, 668, 911 P.2d 1301 (1996).

On the issue of negligence, Mr. Moore submitted the deposition testimony and affidavits of two of the passengers in the Union Pacific van as well as statements by the car's driver, Ms. Wagner. All these witnesses testified the van driver must have seen the swerving car about a quarter mile away, and yet he did not respond to the sight or to

the passengers' exclamations beyond taking his foot off the accelerator and hitting the brakes just before impact. The question before us is whether the van driver's relative inaction constituted a breach of Union Pacific's duty to provide a safe work site and to avoid the collision. *Alvarez v. Keyes*, 76 Wn. App. 741, 745, 887 P.2d 496 (1995) (duty to avoid car accident); *McKillip v. Union Pac. R.R. Co.*, 11 Wn. App. 829, 831-32, 525 P.2d 842 (1974) (citing WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS § 80, at 535-36 (4th ed. 1971)). In making this determination, we must apply the liberal standard of negligence applied in FELA cases, asking whether there are even "shred[s] of proof" requiring submission of the issues to the jury. *McKillip*, 11 Wn. App. at 832. *See also Mullahon*, 64 F.3d at 1363-64 (FELA standard much like the "scintilla rule"); *Pierce v. Southern Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) (only "slight" or "minimal" facts needed to support finding of negligence).

Each of Mr. Moore's witnesses stated the van driver took no evasive action, specifically that he did not brake soon enough or pull over to avoid Ms. Wagner's car. Elsewhere in the record, the speed of each driver was estimated to be approximately 50 miles per hour at the time Ms. Wagner's car was first observed about a quarter mile away. Even if the van's speed had decreased to between 40 and 45 miles per hour at the time of the collision, the van driver would have had only 9 to 10 seconds to react to the sight of the swerving car.[3] It is a question of fact whether these circumstances suggest a breach of a duty of care or an emergency situation absolving behavior that would be termed negligent under less trying circumstances. *See, e.g., Szupkay v. Cozzetti*, 37 Wn. App. 30, 33-34, 678 P.2d 358 (1984) (If substantial evidence supports the "emergency doctrine," the theory should be submitted to the jury. The doctrine provides that a person confronted with an emergency through no fault of his or her own is

---

[3]Computed from the fact that the cars were heading toward each other at between 90 to 100 miles per hour for a quarter mile.

not negligent if he or she does not make the wisest choice, so long as the choice is reasonable under the circumstances.).

In summary, we find that under the relaxed FELA standards it is "not outside the possibility of reason," that the van driver saw the imminent danger of the oncoming car in time to react, but negligently failed to do so. *Mendoza v. Southern Pac. Transp. Co.*, 733 F.2d 631, 633 (9th Cir. 1984) (the jury has broad power to engage in inferences in FELA cases) (quoting *Chicago, R.I. & Pac. R.R. v. Melcher*, 333 F.2d 996, 999 (8th Circ. 1964)). We also find it is not beyond reason that the negligence contributed in some way, no matter how slight, to produce Mr. Moore's injuries. *Rogers*, 352 U.S. at 507 (the test for proximate cause in FELA cases is whether employer negligence played even the slightest part in producing the injury), *cited in Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770-71 (9th Cir. 1981). Considering the less stringent standard applied to negligence and causation in FELA cases, and Congress's concern that these issues should be decided by a jury, *Rogers*, 352 U.S. at 508, it is probable a reasonable jury could reach more than one conclusion on these facts. Accordingly, summary judgment was not appropriate and is reversed, with remand for trial.

Reversed and remanded.

SWEENEY, C.J., and THOMPSON, J., concur.