

[No. 21102-5-II.    Division Two.    August 14, 1998.]
RAYMOND L. SEEBERGER, *Appellant*, v. BURLINGTON
NORTHERN RAILROAD COMPANY, *Respondent*.

*Mary E. Van Gemert* (*Thomas Christ* of *Mitchell Lang & Smith*, of counsel), for appellant.

*David M. Reeve* of *Kroschel & Gibson*, for respondent.

MORGAN, J. — Raymond L. Seeberger sued his employer, Burlington Northern Railroad, under the Federal Employers' Liability Act (FELA). The trial court granted summary judgment for the railroad. We reverse and remand for further proceedings.

Burlington Northern employed Seeberger as a "carman" in its Tacoma yard. It routinely equipped him with a "decking bar," a five-foot metal bar with one flat end and one pointed end.

On February 8, 1993, Seeberger was told to check on a "hopper" (a grain car) that was leaking grain onto the tracks. He went to investigate, taking his decking bar with him. He found that the car was filled with grain, and that the grain was leaking out because a horizontal door in the car's bottom was slightly ajar. He knew the door would be difficult to move because the weight of the grain in the car was pressing down on it. To obtain leverage, he inserted the pointed end of his decking bar into a socket that controlled the door's position, and put all his weight on the bar. The bar then slipped out of the socket, causing him to fall and suffer injury.

Seeberger sued under FELA, claiming that the railroad had been negligent in failing to provide him with a properly designed tool. The railroad moved for summary judgment. Seeberger responded with evidence that for several years, the railroad had known of, but not supplied him with, a power tool designed specifically for moving the bottom door

of a hopper. Nonetheless, the trial court granted the railroad's motion.

Seeberger now appeals. As with any appeal from a summary judgment, we take the evidence in the light most favorable to the nonmoving party.[1]

■ The sole issue is whether, for purposes of FELA, Seeberger has produced sufficient evidence of negligence and causation to warrant a jury trial. FELA states in part: "Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . resulting in whole or in part from the negligence of any of the [employees] . . . or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery . . . or other equipment."[2] Its meaning is controlled by federal, not state, law.[3] It imposes a duty "broader than the general duty to use reasonable care," and this duty includes a duty to provide "reasonably safe and suitable tools, machinery and appliances with which to work."[4] "The test of a jury case is whether the record reasonably justifies the conclusion that the employer railroad's negligence 'played any part, even the slightest,' in producing the injury."[5] Or, as the Washington Supreme Court has put it, "The slightest evidence of

[1]*Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989).

[2]45 U.S.C. § 51.

[3]*Adair v. Northern Pac. Ry.*, 64 Wn.2d 539, 541, 392 P.2d 830 (1964); *Lessee v. Union Pac. R.R.*, 38 Wn. App. 802, 803, 690 P.2d 596 (1984) (citing *Chicago, M. & St. P. Ry. v. Coogan*, 271 U.S. 472, 474, 46 S. Ct. 564, 70 L. Ed. 1041 (1926)), *review denied*, 105 Wn.2d 1018 (1985); *Schosboek v. Chicago, M., St. P. & Pac. R.R.*, 188 Wash. 672, 677, 63 P.2d 477 (1936), *modified*, 191 Wash. 425 (1937)).

[4]*Ragsdell v. Southern Pac. Transp. Co.*, 688 F.2d 1281, 1283 (9th Cir. 1982); *see also Peyton v. St. Louis S.W. Ry.*, 962 F.2d 832, 833 (8th Cir. 1992).

[5]*Moore v. Union Pac. R.R.*, 83 Wn. App. 112, 115, 920 P.2d 616 (1996) (quoting *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994)); *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506-07, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957); *Claar v. Burlington N. R.R.*, 29 F.3d 499, 503 (9th Cir. 1994). This standard has been adopted not only in this state, but in every circuit. *See Moore*, 83 Wn. App. at 115; *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987) ("no matter how slight the causal link between the negligent act and the injury, recovery is allowed"); *Ulfik v. Metro-North Com-

negligence or causation is sufficient to take the case to the jury."[6] The railroad's negligence "need not be the sole cause or whole cause of the . . . injuries,"[7] and the causal sequence may be inferred from circumstantial evidence or common knowledge.[8] In sum, the role of the jury is significantly greater than in common-law negligence actions,[9] with respect to both negligence and causation determinations.[10]

If a jury in this case were to take the evidence in the light most favorable to Seeberger, it could find that the railroad was "slightly negligent" in not supplying Seeberger with the power tool that he describes in his evidence. A jury could also find that this "slight negligence" played at least some part in causing Seeberger's injury. For purposes of FELA, then, the evidence is sufficient to go to

*muter R.R.*, 77 F.3d 54, 58 (2d Cir. 1996) ("test is whether 'the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury' ") (quoting *Rogers*, 352 U.S. at 506); *Hines v. Consolidated Rail Corp.*, 926 F.2d 262, 267 (3d Cir. 1991) (same); *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994) (same); *Armstrong v. Kansas City S. Ry.*, 752 F.2d 1110, 1114 (5th Cir. 1985) (requiring plaintiff to show that negligence played some part, however slight, in producing his injury); *Aparicio v. Norfolk & W. Ry.*, 84 F.3d 803, 810 (6th Cir. 1996) (holding a plaintiff must "present more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more."); *DeBiasio v. Illinois Cent. R.R.*, 52 F.3d 678, 685 (7th Cir. 1995) ("The railroad is liable if 'the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . .' ") (quoting *Harbin v. Burlington R.R.*, 921 F.2d 129, 131 (7th Cir. 1990) (quoting *Rogers*, 352 U.S. at 506)), *cert. denied*, 516 U.S. 1157 (1996); *Martinez v. Union Pac. R.R.*, 82 F.3d 223, 228 (8th Cir. 1996) (same) (citing *Peyton*, 962 F.2d at 833); *Law v. General Motors Corp.*, 114 F.3d 908, 912 (9th Cir. 1997) (same); *Missouri Pac. R.R. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 800 (10th Cir. 1988) (same).

[6]*Adair,* 64 Wn.2d at 541-42.

[7]*Claar,* 29 F.3d at 503 (citing *Oglesby v. Southern Pac. Transp. Co.*, 6 F.3d 603, 608 (9th Cir. 1993)).

[8]*Ulfik,* 77 F.3d at 60 (citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 270 (5th ed. 1984)).

[9]*Snow v. Whitney Fidalgo Seafoods, Inc.*, 38 Wn. App. 220, 226, 686 P.2d 1090, *review denied*, 103 Wn.2d 1007 (1984); *see also Pierce v. Southern Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) (citing *Ybarra v. Burlington N., Inc.*, 689 F.2d 147, 149 (8th Cir. 1982)).

[10]*Moore*, 83 Wn. App. at 115 (quoting *Mullahon v. Union Pac. R.R.*, 64 F.3d 1358, 1364 (9th Cir. 1995)).

the jury, and the trial court erred by granting summary judgment.

Reversed and remanded for further proceedings.

SEINFELD and ARMSTRONG, JJ., concur.

Review granted at 137 Wn.2d 1019 (1999).