Leona SHEETS, Appellant,

v.

**STANLEY COMMUNITY SCHOOL DISTRICT NO. 2 et al., Appellees.**

**No. 75–1565.**

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1976.
Decided March 23, 1976.

Daniel J. Chapman, Bismarck, N.D., for appellant.

Walfrid B. Hankla, McGee, Hankla, Backes & Wheeler, Ltd., Minot, N.D., for appellees.

Before GIBSON, Chief Judge, HEANEY and WEBSTER, Circuit Judges.

PER CURIAM.

Appellant's decedent Terry Sheets brought this action for monetary and injunctive relief in the District Court against the Stanley Community School District and members of the school board, individually and as members of the board, for the alleged violation of his First Amendment right of freedom of speech. *See* 42 U.S.C. § 1983. The District Court [1] denied his claim for relief, and appellant seeks review of that judgment.

In 1970 Sheets was initially employed by the school district as director of instrumental music for the district. During the years from 1970 to 1974, he became the subject of much controversy in the school district by actively participating in various controversies and by criticizing the operation of the school district. For example, Sheets advocated that mandatory retirement for older teachers be implemented; he resisted efforts by some of his fellow teachers to require the exclusion of pregnant students from classes; and he opposed a school board policy restricting the monitoring of classes by school district patrons. In March, 1974, Sheets participated in a public community meeting where the school district's problems were discussed. At the meeting, he expressed his opinion that the school board had been dilatory in implementing several specific recommendations made by a regional educational association evaluation committee in 1973.

During the 1973–74 school year, Sheets had other difficulties with the school district. He organized a band trip to Yorkton, Saskatchewan, but members of the board and school administration felt that he had committed the school to the trip before proper submission of the issue to school authorities for evaluation of potential problems. He enlisted the aid of his students in securing approval for the trip by requesting them to ask their parents to seek approval by contacting board members. Sheets also refused to file lesson plans with school officials as requested. These plans were requested to assist substitute teachers in their assignments. Finally, in February, 1974, he wished to attend a school wrestling meet in a different town, but that meet conflicted with two appearances by the band at local school athletic events. He was ordered by the board to be present with the band, but he subsequently undertook to persuade the board members to change their ruling. He discussed the matter with the individual members, but only caused the members to accuse him of inaccurately reporting their statements so as to exert improper influence by one board member on another.

On March 29, 1974, a notice was sent by the board to Sheets informing him that the board would meet on April 4th to consider the contemplated nonrenewal of his contract. On April 4th, a hearing was held but no action was taken. On April 11th, Sheets was given an opportunity to be heard before the board,[2] after which the board voted not to renew his contract. The reasons given for nonrenewal as summarized by the District Court were:

1. The failure to secure proper prior approval for the band trip and the use of students to secure approval.

---

1. The Honorable Bruce M. Van Sickle, United States District Court for the District of North Dakota.

2. As the District Court noted, there is no contention that Sheets' procedural due process rights were violated.

2. The refusal to file lesson plans.

3. The failure to follow proper channels with respect to the conflict between the wrestling meet and his duties with the band.

Sheets contended in the District Court that his dismissal was based upon his statements at the community meeting and similar statements and criticisms made by him at teacher association meetings and at other places within the school, and not upon the reasons as given by the board. He claimed that the nonrenewal thus violated his First Amendment right of free speech. He further argued that the reasons given were pretextual, drawing significance from the fact that early references to his public utterances were dropped by the board from its specifications and findings following a conference with an attorney on the subject.

In its memorandum opinion, the District Court found, however, that Sheets did not meet his burden of proving that the board's action was based on a constitutionally impermissible reason, his expressive activities. It expressly found that his statements at the public community meeting were "not an element in the decision of the School Board not to reemploy" him. Reasonable deference should be accorded the trial judge in his evaluation of the evidence, including any inferences to be drawn therefrom. The evidence before this Court amply supports the findings of the District Court, and its finding that the nonrenewal of the contract was unrelated to First Amendment activities is not clearly erroneous. *See Adams v. Campbell County School District*, 511 F.2d 1242, 1246 (10th Cir. 1975). We affirm on the basis of Judge Van Sickle's opinion. *Sheets v. Stanley Community School District No. 2*, 413 F. Supp. 350 (D.N.D. 1975).