Joyce MEYR, Plaintiff,

v.

BOARD OF EDUCATION OF AFFTON SCHOOL DISTRICT, and Donald A. Dippel, James Kuba, Janet Lemp, Martin Sorenson, Arthur A. Seise, Leonard R. Reid, William Lynch, J. Barry Schroetter, Paul A. Onkle, Richard Faulkner, Defendants.

No. 76–752C(2).

United States District Court,
E. D. Missouri, E. D.

Aug. 18, 1977.

Joel W. Case, Manchester, Mo., for plaintiff.

Robert W. Saitz, St. Louis, Mo., for defendants.

## MEMORANDUM

REGAN, Senior District Judge.

This matter is before the Court on cross motions by the plaintiff, Ms. Joyce Meyr, and the defendants, the individual members of the Board of Education of Affton, Missouri, for summary judgment.

Counts I and VI of the plaintiff's complaint purport to state claims based on Sections 1981 and 1983, 42 U.S.C., alleging violations of the plaintiff's constitutional rights under the Fourteenth and First Amendments respectively. The remaining counts allege claims under Missouri statutes, seeking to invoke our pendent jurisdiction.

The plaintiff's complaint and affidavits state that she had been employed by the Affton School District for four years as an instructor of physical education in the Junior High School. Her contract to teach was not renewed for the school year 1976 to 1977. When she was terminated the plaintiff was not a tenured teacher. The plaintiff contends that the school district terminated her contract without giving her an opportunity for a hearing, thereby depriving her of due process and that the school district relied upon a constitutionally impermissible reason for dismissal, her exercise of her right of free speech.

In Count I of her complaint, the plaintiff seeks to come within the rule laid

down in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). *Roth* and *Sindermann* provide that the plaintiff will be entitled to a hearing, if the job that the plaintiff formerly held was an interest protected by the due process clause of the Fourteenth Amendment. However those two cases only provide protection if the interest can be shown to be "liberty" or "property."

*Roth* presented an action by a non-tenured teacher in the Wisconsin State University system who claimed that the University's refusal to rehire him infringed his Fourteenth Amendment rights. Roth had contended that he had been denied due process because the University had taken his job without conducting a hearing. The majority opinion in *Roth* analyzed the interest that the plaintiff had been denied and sought to determine if this interest was encompassed by the Fourteenth Amendment's protection of liberty and property. The Court held that Roth had not been deprived of an interest protected by the Fourteenth Amendment's due process clause. The Court explained that the plaintiff had not been deprived of "liberty" because he could freely obtain another job in the teaching profession. The Court added that the plaintiff did not suffer a deprivation of "property" because Roth had only an expectation that he would be rehired and not a legitimate entitlement to re-employment.

In *Perry v. Sindermann, supra,* the plaintiff also alleged that he had been denied due process because the Odessa (Texas) Junior College Regents had dismissed him from the faculty without granting him a hearing. The Supreme Court applied the same analysis that it had used in *Roth.* The Court evaluated Mr. Sindermann's loss of employment under the same standards of liberty and property that were expressed in *Roth.* It held that Sindermann had been deprived of a property interest protected by the Fourteenth Amendment's due process clause. Mr. Sindermann had demonstrated that under the Junior College's rules, tenure status was not formally conferred. The Court carefully reviewed the Texas public college regulations and found that they provided *de facto* tenure to instructors who had been employed in the State college system for at least seven years. Since Mr. Sindermann had taught in the system for ten years the Court believed that he had attained status equivalent to that of tenured professors at private colleges. The Supreme Court found this element significant because it raised Sindermann's employment status from that of a mere expectation to a "legitimate" claim of entitlement to continued employment. Therefore, since the plaintiff had shown an entitlement to continued employment as a tenured teacher, he was protected from the loss of this property interest by the Fourteenth Amendment's due process clause. The case was remanded and a hearing was ordered.

■ In Count I of her complaint Ms. Meyr seeks to come within the rule laid down in *Perry v. Sindermann, supra.* However, the plaintiff's complaint in this section discloses that Ms. Meyr was not a tenured teacher when she was terminated (Count II, par. VI). This Court is bound by the Supreme Court's opinion in *Board of Regents v. Roth, supra,* and finds that Ms. Meyr had not shown that her termination by the Affton School Board has deprived her of an entitlement to continued employment and, therefore, is not protected by the due process clause of the Fourteenth Amendment. Since the plaintiff admitted in her pleading that she was a non-tenured teacher, provided a copy of her contract which employer her as a probationary teacher, and has directed this Court to Section 168.104 R.S.Mo. (1969) which defines tenured and non-tenured teachers, this Court concludes that the plaintiff does not have a constitutional right to a hearing on the School District's decision not to rehire her. *Perry v. Sindermann, supra,* does not apply here.

■ The plaintiff next argues that her termination imposes a stigma upon her of incompetence and deprives her of the liberty to continue to pursue her career in the

teaching profession. However, recent Eighth Circuit opinions have rejected the argument that a failure to receive tenure raises this deprivation to a "liberty" protected by the Fourteenth Amendment. *Buhr v. Buffalo Public School District No. 38*, 509 F.2d 1196 (8th Cir. 1974); *Calvin v. Rupp*, 471 F.2d 1346 (8th Cir. 1973). Additionally, the plaintiff has stated in her deposition that she has worked as a substitute teacher in the Mehlville and Ladue School Districts after she was not re-hired by the Affton School District (Deposition–Meyr, pp. 60–61). Thus this Court finds that the allegation of a deprivation of liberty not only is legally insufficient to raise a Fourteenth Amendment claim, it also is unsupported by testimony proffered by the plaintiff.

This Court has determined that the plaintiff has not been deprived of liberty or property protected by the Fourteenth Amendment. Therefore, with respect to the allegations contained in Count I, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted.

In Count VI, the plaintiff states that after a gymnastics program in January of 1976, she had made statements critical of the school board before a parents' meeting. She further contends that these remarks were relayed to the Superintendent of the School District by another school board member. She then alleges that the Superintendent, Dr. Onkle, based his recommendation to rehire or terminate her, in part, upon the public statements. The plaintiff claims that these public statements formed part of the decision not to rehire her and for this reason the School Board acted in a constitutionally impermissible manner. *Gieringer v. Center School District No. 58*, 477 F.2d 1164 (8th Cir. 1973), cert. denied, 414 U.S. 832, 94 S.Ct. 165, 38 L.Ed.2d 66 (1973).

The parties agree that the plaintiff made remarks to a group of parents. The parties also agree that Ms. Meyr spoke favorably of the Superintendent, Dr. Onkle, and urged the school board to give more support and funds to the girls gymnastics program. (Affidavit–Meyr, p. 3 and Deposition–Lemp, p. 27).

The depositions and affidavits disclose that in the Affton School Board meeting of March 30, 1976, renewal contracts were discussed. The School Board determined that a substantial number of probationary teachers (those of Ms. Meyr's status) would not be rehired. The Board minutes record that seventeen probationary teachers were not offered contracts of re-hire for the 1976–77 school year. (Plaintiff's Ex. 17).

Ms. Meyr asserts that the comments she made in January of 1976 lead to the Board's refusal to renew her contract. However, the testimony supports the following findings. First, as stated in their depositions, the School Board members voted to renew the contracts of those teachers recommended by Dr. Onkle. When the Board realized that two (Ms. Meyr and another) of the seventeen probationary teachers not renewed had been denied tenure, the Board requested that all the teachers be re-evaluated before they received tenure. Obviously, this action would not have been taken unless teacher performance represented the most significant factor in the Board's decision to grant tenure. Secondly, this additional evaluation prepared by Ms. Meyr's building principal, while it listed other reasons, did not contain any mention of Ms. Meyr's remarks in January. Thirdly, both parties agree that her remarks did not criticize Superintendent Onkle. Therefore this Court is not convinced that favorable remarks about Dr. Onkle, made in public, could influence him to make an unfavorable recommendation.

The rule set forth in *Gieringer, supra*, provides that if the school board even partially relies on the exercise of First Amendment rights as a basis for discharge, that dismissal is constitutionally impermissible. The Eighth Circuit has stated that the plaintiff carries the burden of proving that his constitutional rights have been violated. *Sheets v. Stanley Community School District No. 2*, 532 F.2d 111 (8th Cir. 1976); *Watts v. Curators of the University of Mis-*

*souri,* 495 F.2d 384 (8th Cir. 1974). In support of their respective motions for summary judgment, both sides have provided affidavits and depositions from all the parties. This Court has fully reviewed the plaintiff's exhibits, affidavits, and depositions. It finds that the plaintiff's testimony merely realleges Count VI of her complaint. That is, the plaintiff made remarks at a parents' meeting in January, she was terminated in April, and she asserts that the two events stand as cause and effect. The defendants, as noted above, have presented a justifiable explanation of their actions. The School Board faced financial problems which necessitated large staff reductions. The school board scrutinized carefully those teachers who received tenure to select the best. These evaluations were prepared by the building principals and based on merit.

Thus, this Court must conclude that the School Board did not base its decision to terminate Ms. Meyr, even partially, upon the exercise by her of her First Amendment rights. Additionally, the plaintiff has not provided in her testimony and affidavits any evidence that conflicts with School Board's account.

Rule 56(c), 28 U.S.C., Federal Rules of Civil Procedure, provides that the moving party is entitled to summary judgment if there is no genuine issue as to any material fact. This Court has fully examined the plaintiff's testimony on Count VI and finds that an issue of fact has not been raised. Consequently, the defendants' motion for summary judgment will be granted on Count VI. *U.S. v. Three Devices of Diapulse,* 527 F.2d 1008 (6th Cir. 1976); Wright and Miller, *Federal Practice and Procedure*: Civil § 2720.

In conclusion, this Court finds that the plaintiff has not alleged a deprivation of her constitutional rights protected by the Fourteenth Amendment. Furthermore, examination of the plaintiff's affidavits, exhibits, and depositions reveals that her First Amendment claim does not raise an issue of fact. Therefore, the defendants' motion for summary judgment will be granted as to Counts I and VI. Having disposed of the federal counts in the plaintiff's complaint, this Court declines to exercise pendent jurisdiction of the alleged state claims, and accordingly will dismiss the same without prejudice.