Joyce **MEYR**, Appellant,

v.

**BOARD OF EDUCATION OF the AFFTON SCHOOL DISTRICT et al., Appellees.**

**No. 77–1653.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1977.

Decided March 2, 1978.

Rehearing and Rehearing En Banc Denied April 6, 1978.

---

Joel W. Case, Manchester, Mo., for appellant.

Robert W. Saitz, St. Louis, Mo., for appellees.

Before GIBSON, Chief Judge, VAN OOSTERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal from the final judgment of the district court dismissing plaintiff's complaint on defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. Plaintiff, Mrs. Meyr, was employed as a teacher by the defendant school district by separate annual contracts for the school years commencing in 1972, 1973, 1974 and 1975 under probationary contracts which recited that the contracts shall be continued from year to year until modified or terminated under Mo.Ann.Stat. §§ 168.101 *et seq.* (Vernon 1965 & Supp.1977) and that they also are subject to the rules, regulations and policies of the Board, receipt of copies of which was acknowledged by the plaintiff.

On April 7, 1976, during the plaintiff's fourth year as a probationary teacher, a notice was personally served upon her which read:

The Affton Board of Education, at its March 30, 1976 meeting, unanimously voted to terminate your employment by not retaining your contract as a probationary teacher in the Affton School District effective the end of this current school year, June 4, 1976.

Plaintiff in Count I of her complaint asserted that her right to due process under the fourteenth amendment was violated. After depositions were taken, Count VI was added by leave of the court asserting that her first amendment right of free speech was violated. Jurisdiction under 42 U.S.C. §§ 1981 and 1983 is asserted. Jurisdiction of this court is not contested. Counts II through V alleged claims of violation of Missouri statutes and invoked pendent jurisdiction.

In passing on the summary judgment motions, the court had before it depositions of the defendants, affidavits of the parties, interrogatories and answers thereto, and numerous exhibits.

The court (Judge Regan), for reasons set forth in a memorandum opinion reported at 435 F.Supp. 1155 (E.D.Mo.1977), found plaintiff was not a tenured teacher, that she had no property rights, that her liberty rights were not violated, and that violation of her free speech rights was not established.

For a reversal the plaintiff urges that the trial court erred in the following respects:

I. Holding plaintiff had no property interest in continued employment.

II. Holding that plaintiff's liberty interests had not been infringed by the defendants.

III. Holding that termination was not based, even partially, upon plaintiff's exercise of her first amendment free speech rights.

We affirm for the reasons hereinafter set out.

The facts are fairly set out in the trial court's opinion and additional facts to the extent necessary will be set out in the course of this opinion.

**I.**

The court committed no error in determining plaintiff had no property right in

continued employment. The plaintiff in effect concedes that she had not obtained tenure under Mo.Ann.Stat. § 168.104(5) (Vernon Supp.1977), which reads:

(5) "Probationary teacher", any teacher as herein defined who has been employed full time in the same school district for five successive years or less. A teacher recognized as a full-time teacher by a public school retirement system shall be recognized as a full-time teacher under sections 168.102 to 168.130. In the case of any probationary teacher who has been employed in any other school system as a full-time teacher for two or more years, the board of education shall waive one year of his probationary period.

It is conceded that plaintiff had many years of prior teaching experience and that she would acquire tenure after completing four years of service unless appropriate notice of non-renewal was served upon her as provided by Missouri law.

Plaintiff states:

However, the Court wrongly suggests that plaintiff urged the Court to rule that she had obtained tenure pursuant to state statute. . . . This is not her position. Joyce Meyr alleged in her Complaint and in her Motion for Summary Judgment that she was entitled to certain due process protections because of the notice requirements of the Rules and Regulations of the school board, and that these notice requirements were not met.

In any event, the record reflects that the plaintiff had not acquired tenure at the time notice of non-renewal was served.

Plaintiff urges that the Board is required to provide the benefits conferred by Board Policy No. 4118 III D, which reads:

If the Board determines that a teacher is not doing satisfactory work, the Board through its administrative representative shall give the teacher a written statement definitely setting forth his alleged incompetency and specifying the nature thereof. . . .

and by Board Policy No. 4119 which reads:

Teachers not considered satisfactory shall be notified by their supervisor and be given such reasonable time to improve as the Board of Education may determine.

Board Policy No. 4118 III D is substantially identical to Mo.Ann.Stat. § 168.126 (Vernon Supp.1977), which the Missouri Court of Appeals in *White v. Scott County School District,* 503 S.W.2d 35 (Mo.App. 1973) holds to be applicable only to termination within the contract period and not to a failure to renew an existing contract of a probationary teacher.

We find nothing in Policy No. 4119 which indicates that it is applicable to probationary teachers whose contracts are not renewed. As a probationary teacher under Missouri law plaintiff has no property interest in continued employment. Plaintiff was properly notified that her contract would not be renewed as required by Missouri law. The Board is entitled to refuse to renew a probationary contract without assigning reasons therefor and without affording a due process hearing.

The Board's minutes of March 30, 1976, show:

It was tentatively agreed that both Mrs. Joyce Meyr and Mr. Michael Wieter not be re-hired and that their contractual relationship with the district be terminated.

Since Mrs. Meyr was about to leave early for Easter vacation, the superintendent received oral directions from all Board members on April 7 to serve notice upon her that her contract would not be renewed. The Board minutes of April 8 show:

*BOARD ACTION REGARDING MRS. JOYCE MEYR*

The action of the Board in terminating the contract of Mrs. Joyce Meyr, was brought up for re-consideration by Director Kuba. After due discussion and a motion duly made by Director Schroeter and seconded by Director Dippel, it was unanimously adopted that the action of the Board in terminating said teacher's probationary contract with the district consistent with the minute entry on March 30, 1976, be and the same is hereby ratified and re-affirmed.

The record clearly reflects that the school had suffered a substantial decrease in en-

rollment, that it was economically necessary to substantially reduce the teaching staff and that the policy of the Board was to limit acquisition of tenure to exceptionally qualified teachers. Such policy was reasonable under the circumstances to protect the rights of teachers who had attained tenure. Many probationary contracts were not renewed in pursuance of this policy.

The Board's minutes reflect a clear intention not to renew plaintiff's contract for the school year commencing in the fall of 1976. The Board had a right to do so without a finding of incompetency and without assigning any other reason for its action. Plaintiff continued to serve under her existing contract until its expiration.

## II.

Plaintiff has not in her affidavit or otherwise set out any material facts as distinguished from legal conclusions to support her contention that her liberty interests have been violated by the Board's failure to renew her teaching contract.

■ The failure to receive tenure does not constitute the deprivation of a liberty interest protected by the fourteenth amendment. *Buhr v. Buffalo Public School District,* 509 F.2d 1196 (8th Cir. 1974); *Calvin v. Rupp,* 471 F.2d 1346 (8th Cir. 1973).

Plaintiff has failed to show that she has any evidence to support her claim that she was stigmatized by any action of the defendants in refusing to renew her probationary contract.

The record reflects that when the President and President-elect of the Affton school teachers acting as a grievance committee, at the request of the plaintiff, went to the superintendent to investigate the non-renewal of plaintiff's contract, they were told that many probationary teachers were not re-employed by reason of the economic necessity of reducing the teaching staff, and that Mrs. Meyr was not re-employed for the additional reason that she was not considered a satisfactory teacher because of excessive absences and tardiness and poor staff relations. Nevertheless, economic necessity for reduction of the teaching staff remained the prime reason for not renewing plaintiff's contract. The Board's minutes above quoted do not set forth the additional factors as a basis for not rehiring, and as heretofore emphasized the Board's action was not to renew and was not termination of the plaintiff's existing contract prior to expiration. Such does not constitute the publication by defendants of stigmatizing information. The posting of the vacancy in the position held by Mrs. Meyr does not, standing alone, support stigmatization. Mrs. Meyr herself told many people she had not been re-employed.

In any event, the burden is on Mrs. Meyr to prove the charges made by the superintendent were false. Plaintiff admits that she had a substantial number of absences and tardiness and has set out no facts in her affidavits to disprove such charges. Plaintiff has not shown that she has any evidence to establish the falsity of any charges made against her. See *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977). Plaintiff has not indicated that she has any evidence that stigmatizing information was given to school districts in which she applied for employment. She admits in her deposition the fact that she had too many years of experience, which resulted in entitlement to a higher salary and was a substantial factor in her failure to obtain a teaching contract. She admits that she was employed as a substitute teacher by several school districts.

We recognize that cases should not be disposed of by summary judgment if any dispute exists as to a material fact. The record here is voluminous and extensive. We believe the court properly concluded that no dispute as to material facts existed. We believe the court properly determined plaintiff has suffered no deprivation of her liberty rights on the basis of the extensive record before it.

## III.

■ The trial court committed no error in determining that plaintiff's exercise of her right of free speech was not a substantial factor in the non-renewal of her contract. In *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977), the Court holds:

Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that this conduct was a "substantial factor"—or, to put it in other words, that it was a "motivating factor" in the Board's decision not to rehire him. Judged by such standard, we are satisfied that the plaintiff by affidavit or otherwise has failed to establish that her exercise of free speech was a substantial or motivating factor in the Board's decision not to renew.

Plaintiff in a speech to the mothers' club in January 1976 criticized the Board for not supplying equipment the plaintiff deemed essential for her physical education classes. Board member Lemp was present at this meeting and was upset by such remarks and reported the incident to Superintendent Onkle. Plaintiff under the first amendment had a right to make such remark. School boards and other public boards are as a matter of public knowledge frequently subjected to public criticism for making or failing to make appropriations for various projects or for failure to grant salary increases. The statement made by the plaintiff is not the kind of statement that could be reasonably supposed to upset the school board officials.

The power to determine whether a contract should be renewed is in the school board. The superintendent can make recommendations which the board can accept or reject.

Each of the board members serving at the time here material, except Mrs. Lemp, filed affidavits stating that they had no knowledge of plaintiff's statement at the time they voted not to renew plaintiff's contract and that no consideration was given to such statement. Mrs. Lemp in her affidavit states plaintiff's speech was not a factor in her vote not to renew, and Superintendent Onkle filed a similar affidavit.

Plaintiff in her affidavit has merely claimed by way of conclusion that the speech was a substantial factor in inducing the Board's action. She points to no evidence available to her to disprove the sworn statements made by the Board members, and we consequently see no reasonable possibility that plaintiff could meet the burden of refuting these statements. The trial court on the basis of the extensive record before it properly determined:

Thus, this court must conclude that the School Board did not base its decision to terminate Ms. Meyr, even partially, upon the exercise by her of her First Amendment rights. Additionally, the plaintiff has not provided in her testimony and affidavits any evidence that conflicts with School Board's account.

435 F.Supp. at 1159.

The judgment is affirmed.